**Gabriel BARRIER, Petitioner-Appellant,**

v.

**C.W. BEAVER, Warden,
Respondent-Appellee.**

No. 81–5660.

United States Court of Appeals,
Sixth Circuit.

Argued June 21, 1982.

Decided July 14, 1983.

Rehearing and Rehearing En Banc Denied
Oct. 11, 1983.

Ellen B. Vergos (argued), court-appointed, Waring, Cox, Sklar, Allen, Chafetz & Watson, Memphis, Tenn., for petitioner-appellant.

W. Hickman Ewing, Jr., U.S. Atty., W. James Ellison (argued), Asst. U.S. Atty., Memphis, Tenn., for respondent-appellee.

Before LIVELY and KRUPANSKY, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

KRUPANSKY, Circuit Judge.

This case presents a novel question regarding the interpretation of the jurisdiction of the U.S. Parole Commission as that term is utilized in 18 U.S.C. section 4210 and 28 C.F.R. section 2.44(d). The petitioner, Gabriel Barrier (Barrier),[1] appeals from an order of the United States District Court for the Western District of Tennessee, issued upon a "motion for reconsideration", which denied a writ of habeas corpus to Barrier.

Barrier had been convicted, on May 12, 1971, of transporting a stolen vehicle in interstate commerce in violation of 18 U.S.C. section 2312; he received a sentence of five years imprisonment. On January 12, 1973, with 1,140 days remaining to be served on his sentence, Barrier was paroled.

Approximately three years subsequent, on January 14, 1976, only 43 days prior to the sentence expiration date, a parole violation warrant was issued pursuant to 18 U.S.C. section 4213.[2] This parole violator

---

1. The instant record reflects that the parole records spell the petitioner's name "Barrera"; herein we adopt the spelling utilized by the petitioner when this action was commenced.

2. 18 U.S.C. section 4213, "Summons to appear or warrant for retaking of parolee", states in relevant part:

 (a) If any parolee is alleged to have violated his parole, the Commission may—

warrant alleged three non-criminal conduct violations of parole conditions, *viz:* (1) failure to report as directed from October 15, 1975 to January 9, 1976; (2) failure to submit supervision reports for the months of October, November and December, 1975; and (3) failure to report change of residence.

The warrant remained unexecuted for two and one-half years. On July 28, 1979, Barrier shot his wife and surrendered himself the same day. On September 19, 1979, Barrier was convicted of aggravated assault in the South Carolina state court. Pursuant to a detainer lodged against him by the United States Marshal in South Carolina, Barrier was returned to federal custody, under the authority of the January 14, 1976 parole violation warrant, on September 25, 1979.

On November 16, 1979, the United States Parole Commission issued a warrant purporting to be a supplement of the January 14, 1976 parole violator warrant. The supplemental warrant incorporated the assault against Barrier's spouse and provided the foundation for the Parole Commission's subsequent revocation of Barrier's parole

with no credit against his original five-year sentence for the approximately three years Barrier spent on parole.[3]

On January 12, 1981, Barrier commenced the instant habeas action and asserted that the jurisdiction of the Parole Commission to incorporate an additional parole violation in the original warrant had expired. The writ was initially granted on April 27, 1981; however, pursuant to the respondent's "motion for reconsideration" filed June 4, 1981, the district court recanted and, on July 30, 1981, issued a memorandum opinion which denied the writ as improvidently granted. This appeal ensued.

■ The threshold issue in this review concerns the authority of the district judge to rule upon a motion styled one for reconsideration which was filed 38 days subsequent to the order under attack. The district court's carefully reasoned opinion addresses this limen area thusly:

Petitioner opposes respondents' motion for reconsideration on the grounds that respondents have waited too late to file the motion which petitioner interprets to be a Rule 52 motion to amend findings or

---

\* \* \* \* \* \*
(2) issue a warrant and retake the parolee as provided in this section.

**3.** 18 U.S.C. section 4214, "Revocation of parole", is the statutory authority for the Parole Commission to take this action. In pertinent part, section 4214 states:

(d) Whenever a parolee is summoned or retaken pursuant to section 4213, and the Commission finds ... by a preponderance of the evidence that the parolee has violated a condition of his parole the Commission may take any of the following actions:
(1) restore the parolee to supervision;
(2) reprimand the parolee;
(3) modify the parolee's conditions of the parole;
(4) refer the parolee to a residential community treatment center for all or part of the remainder of his original sentence; or
(5) formally revoke parole ...
The Commission may take any such action provided it has taken into consideration whether or not the parolee has been convicted of any Federal, State or local crime subsequent to his release on parole, and the seriousness thereof, or whether such action is warranted by the frequency or seriousness of

the parolee's violation of any other condition or conditions of his parole.

Pursuant to the foregoing, the Parole Commission has promulgated regulations governing revocation of parole and credit for time served on parole which create a presumption of credit for such "street time". Thus, 29 C.F.R. § 2.52, "Revocation decisions", states, in part:

(c) A parolee whose release is revoked by the Commission will receive credit on service of his sentence for time spent under supervision, except as provided below:
(1) If the Commission finds that such parolee intentionally refused or failed to respond to any reasonable request, order, summons or warrant of the Commission or any agent thereof, the Commission may order the forfeiture of the time during which the parolee so refused or failed to respond, and such time shall not be credited to service of the sentence.
(2) If the parolee has been convicted of a new offense committed subsequent to his release of [*sic*] parole, which is punishable by a term of imprisonment, forfeiture of the time from the date of such release to the date of execution of the warrant shall be ordered, and such time shall not be credited to service of the sentence.

make additional findings, or a Rule 59(e) motion to alter or amend judgment. If the motion is deemed timely as a Rule 60(b) motion to set aside the judgment, petitioner further submits that respondents have not stated any grounds for relief under Rule 60(b).

A Rule 52(b) motion must be made no later than ten (10) days after entry of judgment. A Rule 59(e) motion must also be made within ten (10) days of entry of judgment. Under either of these two rules, respondents' motion is untimely. *See Browde[r] v. Director of Department of Corrections of Ill.,* 434 U.S. 257 [98 S.Ct. 556, 54 L.Ed.2d 521], *reh. denied,* 434 U.S. 1089 [98 S.Ct. 1286, 55 L.Ed.2d 795] (197[8]).

Although respondents failed to label the motion as being under any specific rule, respondents argue now that the motion for relief from judgment is based on Rule 60(b)–(1) or Rule 60(b)(6). Rule 60(b)(1) authorizes relief from judgment because of "mistake, inadvertence, surprise, or excusable neglect." Subsection (6) permits relief "for any other reason justifying relief from the operation of judgment." Rule 60 requires that a motion for relief from judgment be made within a reasonable time. Wright and Miller, *Federal Practice and Procedure,* § 2851, states:

> Rule 60 regulates the procedures by which a party may obtain relief from a final judgment. It was derived from a number of sources, including Equity Rule 72, the statutes of various state[s], and federal decisions. The rule is designed to remove the uncertainties and historical limitations of ancient remedies while preserving all of the various kinds of relief that they afforded. The rule "does not assume to define the substantive grounds for vacating judgments, but merely prescribes the practice in proceedings to obtain relief." The rule attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done.

Respondents take the position that they are entitled to relief under Rule 60 because the Court has made a "mistake of law" in failing to consider 18 U.S.C. § 4210(c) in its prior Order. There is authority for the view that the word "mistake" as used in Rule 60(b)(1) encompasses any type of mistake or error on the part of the court, including judicial mistake as to applicable law. *See Oliver v. Home Indem. Co.,* 470 F.2d 329 (5th Cir.1972); *Stewart Security Corp. v. Guaranty Trust,* 71 F.R.D. 32 (W.D.Okla. 1976); *Crane v. Kerr,* 53 F.R.D. 311 (N.D. Ga.1971). *See also D.C. Federation of Civic Associations v. Volpe,* 520 F.2d 451 (D.C.Cir.1975); *Meadows v. Cohen,* 409 F.2d 750 (5th Cir.1969); and *Schildhaus v. Moe,* 335 F.2d 529 (2d Cir.1964) (failure to apply intervening appellate decisions contrary to district court interpretation of the law is a "mistake"). *Contra, Silk v. Sandoval,* 435 F.2d 1266, 1267–68 (1st Cir. 1971), *cert. denied,* 402 U.S. 1012 [91 S.Ct. 2189, 29 L.Ed.2d 435] (1971); *Morgan [Guaranty] Trust Co. v. Third National Bank,* 545 F.2d 758 (1st Cir.1976); *Scola v. Boat Frances R. Inc.,* 6181 [618] F.2d 147 (1st Cir.1980). *See also Swan [Swam] v. United States,* 327 F.2d 431 (7th Cir. 1964) [*cert. denied,* 379 U.S. 852 [85 S.Ct. 98, 13 L.Ed.2d 55] (1964)].

Those courts which have found errors of law to be a ground for Rule 60(b)(1) relief, recognizing the effect their view has on Rule 59(e) and on finality of judgments, have considered carefully what is a "reasonable time" for seeking reconsideration of a point of law to the appeal period. *See Stewart, supra,* and *Oliver, supra.* This Court is persuaded that the better view is to allow reconsideration of a point of law under Rule 60(b)(1) when relief from judgment is sought within the normal time for taking an appeal. *International Controls v. Vesco,* 556 F.2d 665 (2d Cir.1977), *cert. denied,* 434 U.S. 1014 [98 S.Ct. 730, 54 L.Ed.2d 758] (197[8]). This view serves the best interest of the judicial system by avoiding unnecessary appeals and allowing correction of legal error if and when made and the trial

court has been satisfied that an error was committed.

Respondents sought Rule 60 relief within thirty-eight (38) days of entry of judgment. Respondents, being agencies of the United States, have sixty (60) days to file a notice of appeal. Respondents' Rule 60 motion was made within the time for taking an appeal and is timely.

There may be another basis to constitute "other reasons justifying relief" under Rule 60(b)(6) in this situation. Judgment was rendered for petitioner on *respondents'* motion for summary judgment at a time respondents had not raised 18 USC § 4210(c) as applicable in this case. The Court failed to consider that statute in its decision, which is determinative on the question before us. The Court, moreover, has recently decided two other parole absconder cases that are inconsistent with the Order entered in this case. *See Hyatt v. O'Brien,* Cause No. 81–2071 (June 5, 1981) and *Young v. O'Brien,* Cause No. 81–2014 (July 2, 1981).

Jt. app. at 135–38.

Upon consideration of the articulate reasoning of the district court, we conclude that the motion for reconsideration was properly addressed.

The Parole Commission is authorized to issue parol violation warrants by 18 U.S.C. section 4213, see note 2, *supra.* Section 4213 further provides that—

(b) Any summons or warrant issued under this section shall be issued by the Commission as soon as practicable after discovery of the alleged violation, except when delay is deemed necessary. Imprisonment in an institution shall not be deemed grounds for delay of such issuance, except that, in the case of any parolee charged with a criminal offense, issuance of a summons or warrant may be suspended pending disposition of charge.

This section is implemented by 28 C.F.R. section 2.44, which regulation relevantly reads:

(b) Any summons or warrant under this section shall be issued as soon as practicable after the alleged violation is reported to the Commission, except when delay is deemed necessary. Issuance of a summons or warrant may be withheld until the frequency or seriousness of violations, in the opinion of the Commission, requires such issuance. In the case of any parolee charged with a criminal offense, issuance of a summons or warrant may be withheld, or a warrant may be issued and held in abeyance pending disposition of the charge.

(c) A summons or warrant may be issued only within the prisoner's maximum term . . . .

(d) The issuance of a warrant under this section operates to bar the expiration of the parolee's sentence. Such warrant maintains the Commission's jurisdiction to retake the parolee either before or after the normal expiration date of the sentence and to reach a final decision as to revocation of parole and forfeiture of time pursuant to § 2.52(c). [42 FR 39809, Aug. 5, 1977, as amended at 45 FR 84055, Dec. 22, 1980]

The foregoing regulation, particularly subsection (d), must further be construed consonant with the statutory delineation of the Parole Commission's jurisdiction as enunciated by 18 U.S.C. section 4210, "Jurisdiction of Commission". Section 4210 in material portion states:

(a) A parolee shall remain in the legal custody and under the control of the Attorney General, until the expiration of the maximum term or terms for which such parolee was sentenced.

(b) Except as otherwise provided in this section, the jurisdiction of the Commission over the parolee shall terminate no later than the date of the expiration of the maximum term or terms for which he was sentenced. . . .

(c) In the case of any parolee found to have intentionally refused or failed to respond to any reasonable request, order, summons, or warrant of the Commission or any member or agent thereof, the jurisdiction of the Commission may be extended for *the period during which the*

*parolee so refused or failed to respond.* [Emphasis supplied]

▆▆▆ Thus, where, as here a parolee is an absconder from supervision, the Parole Commission's authority over the absent parolee is extended beyond the original date of termination of supervision. The respondent asserts that "the period during which [Barrier] refused or failed to respond", 18 U.S.C. section 4210(d), resulting in the suspension of his supervision term, commenced October 15, 1975—the date Barrier first failed to report to his probation officer. Contrarily, Barrier contends, with greater statutory and regulatory support, that "the issuance of a *warrant* . . . suspends the running of a sentence." *Cf.* 29 C.F.R. section 2.44(d), *supra.*[4] Accordingly, we hold that Barrier's sentence was tolled as of the issuance of the original parole violator warrant on January 14, 1976, at which time Barrier had 43 days remaining in his sentence.

The matter for resolution is the time at which the tolled sentence begins to run again. Barrier urges, with some force, that the sentence begins to run when the warrant tolling it is executed and the absent parolee is returned to federal custody; in this case, petitioner's formulation would restart the sentence on September 25, 1979 causing its expiration, and the termination of the Parole Commission's authority to issue additional charges against Barrier, to occur on November 7, 1979.

The respondent asks the Court to decide that the Parole Commission does have jurisdiction to proceed against a parolee during the period after the execution of a warrant and before a final decision is reached as to the underlying violation giving rise to the warrant. In this period, the respondent asserts, the parolee's sentence is tolled, thereby allowing the Parole Commission to maintain jurisdiction over the parolee and proceed against him pursuant to new charges unrelated to the initial sentence-tolling violator warrant.

Instantly, it is noted that the Parole Commission's revocation of Barrier's parole, with *no* credit for time served on parole prior to the violations, was proper only if the subsequent inclusion of the assault conviction within the violator warrant was proper. This conclusion obtains insofar as 28 C.F.R. section 2.52, n. 3 *supra,* mandates that credit be allowed for the period prior to the issuance of the warrant if the underlying charges were, as here, non-criminal conduct violations. Additionally, this Court recognizes that, had Barrier's maximum term expired in the manner in which he asserts it did, the Parole Commission would have been without authority to revoke parole on the basis of any criminal activity undertaken during the parole period inasmuch as a valid warrant was not issued prior to the termination of the supervision.

▆▆▆ Because 18 U.S.C. section 4210, as implemented by 28 C.F.R. section 2.44, is construed to mean that the parole violator's sentence, suspended upon the issuance of a violator warrant, begins to run again upon the *execution* of the warrant, the Court holds that the Parole Commission was without authority to utilize the second warrant because it failed to issue it prior to the expiration of Barrier's maximum term. However, because the Court also holds that 18 U.S.C. section 4210 vests the Parole Commission with authority to rule upon timely issued violator warrants, even after

4. At this point it is necessary to identify an error which may have contributed to the confusion below regarding the proper interpretation of the relevant statutory and regulatory language.

At the time the instant habeas petition was filed with the district court, 28 C.F.R. § 2.44(d) appeared in the form set out hereinabove. Notwithstanding, however, the parties to this action argued below, and, to an extent, here, the interpretation of the *predecessor* regulation to the current 28 C.F.R. § 2.44(d). The regulation previously in effect was far less than a model of clarity and gave the impression that the statutory extension of Commission jurisdiction over an absconder provided by 18 U.S.C. § 4210(c), *supra,* and the concurrent tolling of the sentence, did not terminate until after the warrant was executed *and* a final decision on the warrant's charges was had. Such a construction contradicts the plain meaning of the language of § 4210(c), especially that portion above-emphasized.

expiration of the putative maximum term, and to take such actions with respect to revocation as permitted by the statutes, we remand the instant matter to the district court for proceedings consistent with this opinion. Barrier's release on bond, granted June 15, 1982, shall be continued pending resolution of this matter on remand. *Martin v. Luther,* 689 F.2d 109, 116 (7th Cir. 1982); *Baker v. Sard,* 486 F.2d 415, 416 (D.C.Cir.1973).

The Court reaches this conclusion because it finds, contrary to the ultimate decision by the district court, that the language of section 4210 does not create a situation whereby a sentence is tolled upon the issuance of a warrant and begun again only after the Parole Commission makes a final decision on the merits of the warrant. Instead, the statute, and regulations promulgated thereunder, merely provide the Parole Commission with the jurisdiction to hear and determine the allegation of violations contained within the warrant, even when, due to the fortuitous nearness of the parolee's maximum term expiration, the hearing must be had after the Parole Commission's authority to supervise the parolee's conduct had terminated. At such a post-expiration hearing, the Parole Commission is vested, by virtue of section 4210 and 28 C.F.R. section 2.44, with the authority to revoke parole and impose a prison term to the extent that the Parole Commission could have done so had the hearing and decision been had the date the warrant was executed.

The statutory authority of the Parole Commission is *not* such, however, to allow it to continue to supervise the parolee's conduct in that interim period prior to the hearing. During that time, after the expiration of the parolee's maximum term, the parolee is no longer subject to the "legal custody and ... control of the Attorney General." 18 U.S.C. section 4210(a). Therefore, an additional parole violation warrant may not be issued during the interim. In this sense, then, we agree with the Seventh Circuit's recent conclusion in *Martin v. Luther, supra,* that the limitation on the Parole Commission's authority imposed by section 4210 is a 'temporal jurisdictional limitation'. As stated by the *Martin v. Luther* court, 689 F.2d at 114:

Perhaps the paradigm of such a jurisdictional limitation is that the time limit placed on appealing a decision of a lower court. When an appeal is not perfected within the governing time limit, the appeal is dismissed for want of jurisdiction. Such temporal jurisdictional limitations ordinarily require a party to commence a process within a given time frame which will invoke the adjudicatory power of a tribunal [but] do not limit the time period in which a decision must be made.

In our view, § 4210(b) is one such temporal jurisdictional limitation. The language of that provision does not state that the jurisdiction of the Commission over an alleged parole violation terminates at the expiration of the parolee's maximum term; instead, it states that the Commission's jurisdiction "over the parolee" terminates at that time .... [T]he supervisory authority of the Commission over the parolee—the time period that the parolee's conduct is subject to government scrutiny—is limited by the term of his prison sentence. Section 4210(b) does not require the Parole Commission to render its decision on the merits of an alleged parole violation ... prior to the expiration of his maximum term ... but, rather, requires the Commission to commence the proceedings within that time frame by issuing either a violator warrant or summons.

Respondent here attempts a bootstrap argument which equates the Parole Commission's authority to render a final decision upon the alleged parole violations, with its supervisory power over the parolee: because the supervisory power is extant only within the parolee's maximum term, and, under respondent's theory, the supervisory power over the parolee is coterminous with the jurisdictional authority to adjudicate parole violations, therefore, according to respondent's proposition, the Parole Commission is authorized to regulate the parolee's conduct, and issue new warrants, until a

final adjudication of the violator warrant is had.

Congress, in providing authority for the Parole Commission's post-expiration hearing on outstanding violator warrants, did not intend, however, to extend supervision of the parolee in the manner advocated by the respondent; rather, the Congress merely sought to insure that parole revocation decisions were not accorded hasty treatment—to the detriment of all concerned—because of an impending term expiration. *See Joint Explanatory Statement of the Committee of Conference,* H.Conf.Rep. No. 94–838, 94th Cong., 2d Sess. 20, *reprinted in* [1976] U.S.Code Cong. & Ad.News 335, 351, 353 ("the purpose is to assure the ... Parole Commission the tools required for the burgeoning caseload ... and to assure the public and imprisoned inmates that parole decisions are openly reached by a fair and reasonable process after due consideration has been given the salient information").

Application of the foregoing principles to the case at bar results in the conclusion that the November 16, 1979 warrant was improperly issued. As previously noted, the January 14, 1976 warrant issued with 43 days remaining in Barrier's sentence; this remainder was tolled until the execution of that warrant on September 25, 1979. At that time the "clock" once again began to run, resulting in the expiration of Barrier's term, along with the termination of the Parole Commission's supervisory authority over him, on November 7, 1979—prior to the issuance of the warrant citing Barrier's criminal conviction.

Having determined that the Parole Commission's incorporation of Barrier's assault conviction was improper as untimely and beyond the Parole Commission's jurisdiction, that portion of the district court's opinion validating the parole revocation decision must be vacated. However, because the Parole Commission *did* have the authority to hear and determine the *original* parole violator warrant, the Court deems it best at this juncture to remand the matter to the district court while maintaining Barrier's appeal bond. Upon remand, the dis-

trict court shall proceed, consistent with this opinion, to evaluate the Parole Commission's decision in light of its inherent authority to hear and determine the January 14, 1976 warrant.

Accordingly, for the reasons hereinabove articulated, the decision of the district court is AFFIRMED in part and VACATED in part. The cause is remanded for further proceedings.