774 F.2d 1162
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald Thomas Jolly, Petitioner-Appellant,
v.
U.S. Parole Commission, Calvin Edwards, Respondents-Appellees.
 No. 85-1192
 United States Court of Appeals, Sixth Circuit.
 9/12/85
 
 1
 E.D.Mich.
 
 AFFIRMED
 ORDER
 
 2
 BEFORE: LIVELY, Chief Judge; MARTIN, Circuit Judge; and RUBIN, Chief District Judge*.
 
 
 3
 This matter is before the Court upon consideration ofpetitioner/appellant's appeal from the district court's denial of his habeas corpus petition on February 20, 1985, and petitioner's motions for counsel and bond pending appeal. The case has been referred to a panel of the Court pursuant to Sixth Circuit Rule 9(a). Upon consideration of the documents filed on appeal and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 Petitioner/appellant was convicted of murder and the illegal possession of a firearm in the State of Ohio while on federal parole. A parole violator warrant was lodged against him as a detainer on June 4, 1973. Six years later, while still serving sentence in Ohio, the U.S. Parole Commission revoked his parole and disallowed credit to be given to his federal sentence for time served while on parole and while incarcerated in Ohio. The warrant was withdrawn by mistake and relodged a month later. He was taken into federal custody on December 14, 1983, to serve the remainer of his federal sentence. Petitioner/appellant contends that habeas corpus is warranted because his federal sentence has expired, the U.S. Parole Commission lacked authority to reissue the withdrawn warrant and violated its own rules by delaying his revocation hearing.
 
 
 5
 Petitioner is not illegally confined. He was convicted of a new offense punishable by a term of imprisonment. Thus, time served from the date of his parole, December 12, 1973 to December 14, 1983, the date of the warrant's execution, was forfeited. Barrier v. Beaver, 712 F.2d 231 at 233 f.n. 3 at (c)(2) (6th Cir. 1983). The mere issuance of the parole violator warrant barred the expiration of petitioner's federal sentence. Barrier, supra. The time began to run again on the federal sentence when the warrant was executed on December 14, 1983.
 
 
 6
 The United States Parole Commission is authorized to issue a parole violator warrant against a parolee when it appears that the parolee has violated the conditions of parole. 18 U.S.C. Sec. 4213. If the parolee is convicted on a new charge, and is serving sentence, the parole violator warrant may be placed against the parolee as a detainer. 18 U.S.C. Sec. 4214(b)(1). Once the Parole Commission withdrew the warrant, it was authorized to reissue the parole violator warrant as a detainer because the petitioner's maximum federal sentence had not expired and there had not been an execution of the warrant as originally issued. Green v. Michigan Department of Corrections, 315 F.2d 546 (6th Cir. 1963); Maslauskas v. U.S. Bd. of Parole, 639 F.2d 935 (3rd Cir. 1980).
 
 
 7
 Failure of the Commission to conduct a parole revocation hearing within the specified time period does not warrant habeas corpus relief unless the petitioner demonstrates actual prejudice from the delay. Northington v. United States Parole Commission, 587 F.2d 2 (6th Cir. 1978); Accord Sutherland v. McCall, 709 F.2d 730 (D.C. Cir. 1983); Hopper v. United States Parole Commission, 702 F.2d 842 (9th Cir. 1983); Carlton v. Keohane, 691 F.d 993 (11th Cir. 1982). This Court does not find that the petitioner has demonstrated prejudice or that the United States Parole Commission abused its discretion.
 
 
 8
 Therefore, it is ORDERED that the petitioner/appellant's motions for counsel and bond pending appeal be and hereby are denied. It is further ORDERED that the district court's judgment be and hereby is affirmed. Sixth Circuit Rule 9(d)(3).
 
 
 
 *
 The Honorable Carl B. Rubin, Chief U.S. District Judge for the Southern District of Ohio, sitting by designation