875 F.2d 861
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John ALEXANDER, Plaintiff-Appellant,
v.
Charles ANDERSON, Warden; William F. Grant, Deputy Warden;
D. Schffer, Officer # 775; Dan Trudell, Deputy,
Defendants-Appellees.
 No. 88-2277.
 United States Court of Appeals, Sixth Circuit.
 May 30, 1989.
 
 1
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and ANN ALDRICH, District Judge.*
 
 ORDER
 
 2
 John Alexander appeals the district court's judgment denying his Fed.R.Civ.P. 60(b) motion for relief from judgment and various other motions pertaining thereto. The appeal has been referred to a panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the certified record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Alexander sought relief under Rule 60(b)(3) and (6) from the judgment dismissing his 42 U.S.C. Sec. 1983 action for lack of prosecution claiming that the delay was caused by the defendants' retaliation and harassment. He alleged that they prevented him from maintaining his Sec. 1983 suit by consistently transferring him to different prisons, misplacing his mail, housing him in segregation and denying him access to the courts. The district court denied the motions.
 
 
 4
 Upon consideration, we affirm the district court's judgment. Alexander is not entitled to relief under Rule 60(b)(3) because his motion was filed on October 7, 1988, more than one year after the entry of the district court's judgment dismissing his Sec. 1983 on January 29, 1987. To be timely, a Rule 60(b)(3) motion must be filed within one year after the entry of the challenged judgment. Smith v. Secretary of Health and Human Services, 776 F.2d 1330, 1332-33 (6th Cir.1985).
 
 
 5
 Relief was also unwarranted based on Rule 60(b)(6) as a movant cannot rely on this residual clause to circumvent the one-year limitations period nor assert the same reasons for relief under this section that were relied on for relief under another section of the Rule. Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir.1984) (citing 7 J. Lucas & J. Moore, Moore's Federal Practice p 60.27 at 375 (2d ed. 1982)). In addition, to the extent plaintiff sought relief based on legal error (that is, his suit should not have been dismissed for lack of prosecution due to the intervening actions of the defendants), relief was properly denied because Rule 60(b) motions asserting legal error must be filed within the time permitted for bringing an appeal. Barrier v. Beaver, 712 F.2d 231, 234-35 (6th Cir.1983). Plaintiff's allegations also do not adequately support relief as there are no extraordinary circumstances alleged. Plaintiff's underlying suit was dismissed for lack of prosecution after he failed to respond to two show cause orders; and such dismissal was made without prejudice to his right to refile. Relief was therefore properly denied.
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ann Aldrich, U.S. District Judge for the Northern District of Ohio, sitting by designation