933 F.2d 1007
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Nathaniel BOWIE, Joyce Bowie, Plaintiffs-Appellants,
v.
FREIGHTLINER CORPORATION, a Delaware corporation, Anchorlok
Corporation, a California corporation, Defendants-Appellees.
 No. 90-1867.
 United States Court of Appeals, Sixth Circuit.
 May 20, 1991.
 
 Before KENNEDY and BOYCE F. MARTIN, Jr., Circuit Judges, and SPIEGEL, District Judge.*
 PER CURIAM.
 
 
 1
 Nathaniel and Joyce Bowie appeal the district court's denial of their motion for relief from a dismissal of their products liability suit. The district court dismissed the plaintiffs' claim for failure to comply with the court's discovery orders. They argue that the district court abused its discretion in refusing to set aside its dismissal with prejudice or, in the alternative, that the district court erred in failing to articulate the factual or legal basis for its decision. Because we find that dismissal was an inappropriate sanction, we reverse.
 
 
 2
 Plaintiffs filed the underlying products liability suit against the defendants in a Michigan state court in August of 1989. The action alleged a design defect in the climbing system manufactured and used by defendants on large trucks used in interstate commerce. In September of 1989, the matter was removed on the basis of diversity jurisdiction.
 
 
 3
 On October 5, 1989, Freightliner served the plaintiffs with an initial set of interrogatories and request for production of documents. Plaintiffs failed to respond within the period required by court rule. On October 24, 1989, the parties agreed to a deposition date of November 7, 1989 for the plaintiffs. On November 6, 1989, Freightliner was notified that the deposition would not proceed as scheduled. No explanation was offered by the plaintiffs regarding the cancellation. Accordingly, on November 13, 1989, Freightliner filed a motion to compel the deposition of plaintiffs, answer to interrogatories and responsive documents. The district court referred the matter to a magistrate for a hearing. Although the deposition of Nathaniel Bowie ultimately proceeded on November 17, 1989, the magistrate entered an order compelling plaintiffs to answer the interrogatories and produce the documents requested by Freightliner in October by January 19, 1990.
 
 
 4
 Plaintiffs complied with the compulsion order by filing their answer on January 19, 1990. Plaintiffs' filing identified Mr. John Howard as plaintiffs' only expert regarding liability. The parties agreed to extend the discovery deadline from January 29 to March 29, 1990, to allow defendants time to depose Howard. On January 24, 1990, Freightliner arranged to depose Howard on February 8, 1990. Freightliner was notified that the deposition had been cancelled less than two hours before it was scheduled. Again, plaintiffs offered no explanation for the cancellation and failed to contact Freightliner regarding rescheduling.
 
 
 5
 On February 13, 1990, Freightliner filed a second discovery motion with the court seeking dismissal or an order to compel the deposition of Howard. The motion was referred to a magistrate who issued a notice of hearing and required plaintiffs to file their response by March 14, 1990. Plaintiffs failed to file a response as ordered. On March 19, 1990, the magistrate issued an order compelling plaintiffs to produce Howard for deposition within fourteen days. The magistrate recommended that the case be dismissed if plaintiffs failed to produce Howard as ordered. Howard was not made available at that time.
 
 
 6
 On March 29, 1990, Freightliner filed its third motion to compel plaintiffs to comply with defendants' discovery request of January 29, 1990. Anchorlok joined the motion. The matter was referred to a magistrate and an order was issued requiring plaintiffs to answer the interrogatories within fourteen days.
 
 
 7
 On April 5, 1990, Freightliner and Anchorlok filed a motion to dismiss pursuant to the magistrate's recommendation of March 19, 1990. Plaintiffs were ordered to file a responsive brief by April 26, 1990. Again, they failed to comply with the court's order. A hearing was held before the court on May 7, 1990. At that hearing plaintiffs' counsel informed the court that the discovery orders had not been complied with because questions had arisen regarding possible perjury by Howard as to his qualifications. The court stated:
 
 
 8
 The Court is going to grant the defense motion to dismiss this case. And it is truly an extraordinary situation. The Court does not dismiss cases for failure to proceed in discovery.
 
 
 9
 But apparently the magistrate in October of '89 ordered the production of this Mr. Howard's name, the only expert of the plaintiff, and defendants have been attempting to take his deposition since February and have nothing but essentially a stonewall from plaintiffs' counsel and his secretary.
 
 
 10
 The motions both before the magistrate and here have been made by defendants and the plaintiff has not filed any response. The magistrate has recommended that this case be dismissed now for failure to proceed, and plaintiff has not responded to the motion when this court requested its response.
 
 
 11
 The response given here is clearly inadequate. The problem with Mr. Howard has been known for quite a long time, and plaintiff cannot justify its conduct of this lawsuit by the problem it's had with Mr. Howard.
 
 
 12
 And what it's proposing to do, apparently, with Mr. Howard is to attempt to rehabilitate him by obtaining assurances from him that he tells the truth, would not have been adequate if it had been done. So I cannot believe that that's realistically what plaintiffs' counsel was attempting to do. Whatever it was, the case must now be dismissed.
 
 
 13
 On June 5, 1990, plaintiffs filed a motion for relief from the court's order dismissing the complaint. Briefs were filed and a hearing was held on June 30, 1990. At that hearing, plaintiffs' new counsel argued that dismissal was an inappropriate sanction in this situation. The court disagreed stating,
 
 
 14
 there is no other sanction to levy. And if there is to be any integrity in this Court's proceedings, what is the Court to do? The Court has to leave [plaintiffs' counsel's] case to fail, and the client's recourse will have to be against [counsel].... What other sanction do you think is appropriate? ... [t]he Court cannot provide relief for those who simply say "I'm sorry, I totally ignored the Court, didn't think things through."
 
 
 15
 All efforts--the Court went through every possible effort to bring [counsel] back into the pursuit of this lawsuit.... I'm afraid I must deny the motion. I see no excusable neglect here. [Counsel] could at least have explained his circumstances. The Court has been put in the position of having to stand by this dismissal now for the sake of the integrity of the Court's own orders and its own existence and maintenance of it docket.
 
 
 16
 On August 1, 1990, plaintiffs filed a notice of appeal to this court.
 
 
 17
 The first step in our analysis concerns our authority to review the propriety of the dismissal underlying plaintiffs' motion for relief from judgment. Freightliner contends that plaintiffs' motion is a FED.R.CIV.P. 60(b) challenge which will not toll the time for an appeal, thus excluding review of the underlying dismissal. Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978). We disagree. In Barrier v. Beaver, 712 F.2d 231 (6th Cir.1983), we stated,
 
 
 18
 There is authority for the view that the word 'mistake' as used in Rule 60(b)(1) encompasses any type of mistake or error on the part of the court, including judicial mistake as to applicable law.... This Court is persuaded that the better view is to allow reconsideration of a point of law under Rule 60(b)(1) when relief from judgment is sought within the normal time for taking an appeal.
 
 
 19
 Id. at 234. Because plaintiffs filed their 60(b) motion within the thirty day period provided for appeals by FED.R.APP.P.4(a), this court will consider all the issues raised by the plaintiffs.
 
 
 20
 This court has held that dismissal of an action for failure to cooperate in discovery is a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault. Patton v. Aerojet Ordnance Co., 765 F.2d 604, 607 (6th Cir.1985) (citing Societe Internationale v. Rogers, 357 U.S. 197 (1958)); see also National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 640 (1976). In reviewing a district court's dismissal for failure to comply with discovery we generally consider four factors: 1) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; 2) whether the dismissed party was warned that a failure to cooperate could lead to dismissal; 3) whether alternative sanctions were imposed or considered; and 4) whether the district court clearly articulated its rationale for dismissal. Regional Refuse Systems v. Inland Reclamation Co., 842 F.2d 150, 155 (6th Cir.1988); Patton, 765 F.2d at 608. A dismissal by a district court for failure to comply with discovery is "extremely harsh in that it deprives a plaintiff of his day in court due to the inept actions of his counsel." Patterson v. Township of Grand Blanc, 760 F.2d 686 (6th Cir.1985) (per curiam).
 
 
 21
 Although we appreciate the district court's frustration with Mr. Fishback's contemptible behavior, we nevertheless feel that dismissal was an inappropriate sanction in this case. Apparently, the district court concluded that it had no other available sanction in this case short of dismissal. However, the district court could have imposed monetary sanctions directly against Mr. Fishback and his firm. This would have accomplished the same goal as did the dismissal, namely protecting the integrity of the district court's orders, without sacrificing the rights of the plaintiffs. In fact, there is no evidence in the record that suggests that the plaintiffs were even aware of the misconduct on the part of their attorney.
 
 
 22
 Although we are not provided with a written opinion explaining the district court's decision, see Patton, 756 F.2d at 608, the record does indicate that the district court based its decision to dismiss the action on plaintiff's failure to produce their expert witness for deposition. Defendants attempt to expand the justification for the district court's dismissal to include Fishback's failure to answer the defendant Freightliner's interrogatories and for cancelling the plaintiffs' depositions one day prior to the scheduled date. Although we do not condone this type of irresponsible behavior on the part of Fishback, it does appear from the record that the interrogatories were eventually answered and that Nathaniel Bowie's deposition was taken. Thus, this is not a case were the plaintiff totally disregarded the rules of the district court, but rather a case of attorney misconduct with respect to one particular issue.
 
 
 23
 Therefore, we find that the district court erred in determining that dismissal was the only appropriate sanction to remedy Fishback's conduct. In remanding this case back to the district court, we express no opinion as to the validity of the plaintiffs' underlying claim.
 
 
 24
 The judgment of the district court is reversed, and the case is remanded to the district court for the imposition of such appropriate sanctions against Mr. Fishback and/or his law firm as may be deemed appropriate by the district court other than dismissal of the plaintiffs' complaint. The plaintiff's complaint is therefore reinstated.
 
 
 
 *
 The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation