### Ex parte William Carl ETHRIDGE.

### No. 72094.

Court of Criminal Appeals of Texas.

May 24, 1995.

William Carl Ethridge, Attorney pro se.

Robert Huttash, State's Atty., Austin, for the State.

### *OPINION*

PER CURIAM.

This is a post-conviction application for a writ of habeas corpus filed pursuant to Arti-

cle 11.07, § 2, V.A.C.C.P. Applicant was convicted of possession of methamphetamine. Punishment was assessed at ten years imprisonment. No appeal was taken from this conviction.

Applicant contends that his parole on this conviction expired before the Texas Board of Pardons and Paroles issued a notice of intent to revoke this parole, and that the Board should therefore be barred from revoking the parole. The trial court has entered findings, supported by the record, that applicant committed and was convicted of a new offense while on parole from this conviction, but that the Board of Pardons and Paroles has not revoked this parole and has determined that the attempt to revoke applicant's parole was untimely. However, the record also establishes that the Texas Department of Criminal Justice, Institutional Division, is treating Applicant as a parole violator and is computing his eligibility for release pursuant to this conviction rather than his new, shorter, conviction.

Article 42.18, V.A.C.C.P., provides that the Board of Pardons and Paroles has sole authority to revoke parole or mandatory supervision, and § 14(a) provides the Board with discretion to continue a conditional release even after a finding that the releasee has committed a new offense. Therefore, the Texas Department of Criminal Justice, Institutional Division, is not authorized to consider an inmate as a parole violator until such time as the Board of Pardons and Paroles issues an order revoking the parole. Applicant is entitled to relief.

Relief is granted. The Texas Department of Criminal Justice, Institutional Division, shall modify applicant's records to delete any reference to this conviction in computing applicant's eligibility for release.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice, Institutional and Pardons and Paroles Divisions.