85 F.3d 630
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Chester VAUGHN, Plaintiff-Appellant,
v.
LAUREL COUNTY JAIL; Laurel County Fiscal Court, Defendants,
R.C. Walker, in his personal capacity, Defendant-Appellee.
 No. 95-5429.
 United States Court of Appeals, Sixth Circuit.
 May 14, 1996.
 
 1
 Before: SILER and BATCHELDER, Circuit Judges; CARR, District Judge.*
 
 ORDER
 
 2
 Chester Vaughn, a Kentucky prisoner proceeding pro se, appeals a district court order granting his motion to clarify a previous order. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary relief, Vaughn sued the Laurel County Jail, the Laurel County Fiscal Court, and the jailer, R.C. Walker, in his individual capacity, under 42 U.S.C. § 1983. Vaughn alleged that the defendants were deliberately indifferent to his health needs. The court dismissed the Laurel County Jail and the Laurel County Fiscal Court as defendants prior to trial. The trial was bifurcated into a liability phase and a damages phase. At the liability phase, the jury found in favor of Walker. Vaughn then filed a motion for a new trial, asserting, inter alia, that the court erred by not allowing his medical records to be introduced into the liability phase. The district court denied his motion for a new trial, stating that Vaughn had chosen not to have the medical records custodian testify and introduce his medical records. Believing that the court had not previously given him an option to do this, Vaughn then filed a motion for clarification. The court granted his motion for clarification and included a transcript excerpt contradicting Vaughn's claim.
 
 
 4
 Vaughn has filed a timely appeal, stating that the court did not adequately clarify its order, that the court erred by not admitting his hospital records, and that the court "confused the issue" in its order. Vaughn has moved for the appointment of counsel.
 
 
 5
 Initially, we note that Vaughn's motion to clarify is construed as a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b). Any post-judgment motion that asks for relief other than correction of a purely clerical error and which is filed more than ten days after entry of judgment is treated as a Rule 60(b) motion. Harcon Barge Co. v. D & G Boat Rentals, Inc., 784 F.2d 665, 667 (5th Cir.), cert. denied, 479 U.S. 930 (1986). In his motion for clarification, Vaughn did not seek correction of a clerical error, but instead requested a new trial. Additionally, he filed the motion more than six months after the judgment. Thus, the motion for clarification is properly construed as a Rule 60(b) motion.
 
 
 6
 More specifically, we construe Vaughn's motion for clarification as a Rule 60(b)(1) motion. Rule 60(b)(1) permits relief from judgment in the event of mistake, inadvertence, surprise, or excusable neglect. In Barrier v. Beaver, 712 F.2d 231, 234 (6th Cir.1983), this court stated that "the word 'mistake' as used in Rule 60(b)(1) encompasses any type of mistake or error on the part of the court." In his motion for clarification, Vaughn argued that the court erroneously found that he had chosen not to have the medical records custodian testify and introduce his records.
 
 
 7
 In reviewing a decision granting a Rule 60(b)(1) motion, this court uses an abuse of discretion standard. See Lewis v. Alexander, 987 F.2d 392, 396 (6th Cir.1993). An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. Romstadt v. Allstate Ins. Co., 59 F.3d 608, 615 (6th Cir.1995). A district court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law, or uses an erroneous legal standard. Id.
 
 
 8
 Vaughn has failed to show that the court abused its discretion in any way. Furthermore, as he did not provide a transcript of the trial, he cannot challenge a court's finding as contrary to the evidence. See Hawley v. City of Cleveland, 24 F.3d 814, 821 (6th Cir.1994).
 
 
 9
 Accordingly, we hereby deny Vaughn's motion for counsel, and affirm the district court's order pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation