99 F.3d 1139
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William KUNTZ, III, Plaintiff-Appellant,
v.
CITY OF DAYTON, Defendant-Appellee.
 No. 95-3938.
 United States Court of Appeals, Sixth Circuit.
 Oct. 22, 1996.
 
 Before: JONES, RYAN, and MOORE, Circuit Judges.
 
 ORDER
 
 1
 William Kuntz, III, a New York resident proceeding pro se, appeals a district court judgment overruling his Fed.R.Civ.P. 60(b) motion for relief from judgment and for leave to amend his complaint. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking injunctive relief, Kuntz sued the City of Dayton, Ohio, asserting that: 1) the City's proposed $200,000 payment to a private property owner for the Holly-Holiday Festival violated the Equal Protection Clause; and 2) the City staged a lawsuit against itself and thus illegally forfeited public access to, and public areas within, the Arcade I development project. Kuntz alleged that jurisdiction was proper because the parties were diverse and the amount in controversy exceeded $50,000.00. The district court dismissed the suit for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), reasoning that Kuntz had failed to allege diversity as he did not allege citizenship in a state other than Ohio, but merely residency in the state of New York.
 
 
 3
 Kuntz did not directly appeal the district court's judgment, but instead filed a Rule 60(b) motion for relief from judgment and for leave to amend his complaint on the first anniversary of the judgment. The district court overruled his motion for relief from judgment because Kuntz continued to allege New York residency, not citizenship, and because Kuntz had not filed the motion within a reasonable period of time. The district court likewise overruled the request to amend the complaint because Kuntz did not indicate that he would now allege New York citizenship, because he set forth new claims that could be raised in a new lawsuit, and because the claims concerned wrongs which were allegedly committed in state court proceedings and were thus unreviewable by the district court. See United States v. Owens, 54 F.3d 271, 274 (6th Cir.), cert. dismissed, 116 S.Ct. 492 (1995). In his timely appeal, Kuntz argues that the court erred by not finding him to be a citizen of New York and by not allowing him to amend the complaint.
 
 
 4
 Upon review, we conclude that the district court's judgment should be affirmed, but for reasons other than those considered by the district court. See City Mgmt. Corp. v. U.S. Chem. Co., 43 F.3d 244, 251 (6th Cir.1994).
 
 
 5
 We construe Kuntz's request for relief from judgment as being filed under Rule 60(b)(1), permitting relief in the event of mistake, inadvertence, surprise, or excusable neglect. Kuntz argued that the district court erred by not finding him to be a citizen of New York. In Barrier v. Beaver, 712 F.2d 231, 234 (6th Cir.1983), this court stated that "the word 'mistake' as used in Rule 60(b)(1) encompasses any type of mistake or error on the part of the court."
 
 
 6
 In reviewing a decision denying a Rule 60(b)(1) motion, this court uses an abuse of discretion standard. See Lewis v. Alexander, 987 F.2d 392, 396 (6th Cir.1993). A Rule 60(b)(1) motion based on legal error must be brought within the normal time for taking an appeal. See Pierce v. United Mine Workers Welfare and Retirement Fund for 1950 and 1974, 770 F.2d 449, 451 (6th Cir.1985), cert. denied, 474 U.S. 1104 (1986). Under Fed.R.App.P. 4(a), Kuntz had thirty days from the entry of the order on September 30, 1993, to bring his appeal or file his Rule 60(b)(1) motion. Because he did not file his motion until September 30, 1994, eleven months after the deadline, the motion was time-barred.
 
 
 7
 We construe Kuntz's request for leave to amend his complaint as being brought under Rule 60(b)(6). The district court's denial of a Rule 60(b)(6) motion is examined for an abuse of discretion, and its discretion is especially broad given the equitable principles involved. Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir.1989).
 
 
 8
 The district court did not abuse its discretion by denying Kuntz leave to amend his complaint. Courts should only use Rule 60(b)(6) in exceptional or extraordinary circumstances as a means to achieve substantial justice. Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir.1990). No exceptional circumstances are present in this case, nor do principles of equity mandate relief. Id. As to his new claims, he "believes" that he can "almost" make a prima facie case of a RICO violation and of violations to his civil rights, and that he "can" make a prima facie case of violations under the Fifth Amendment and "perhaps" under the Fourth Amendment. Such vague assertions do not mandate relief. See id. Furthermore, Kuntz is free to file a new lawsuit raising these claims because the district court's dismissal was without prejudice.
 
 
 9
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.