United States Court of Appeals,

Fifth Circuit.

No. 96-40135.

Randy MORRISON, Petitioner-Appellant,

v.

Gary L. JOHNSON, Director, Texas Department of Criminal Justice, Institutional Division, Respondent-Appellee.

Feb. 26, 1997.

Appeal from the United States District Court for the Eastern District of Texas.

Before DUHÉ, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:

Petitioner Randy Morrison filed this application for a writ of habeas corpus in the district court pursuant to 28 U.S.C. § 2254. For the reasons explained below, we affirm the judgment of the district court denying relief.

I. Background

Randy Morrison pleaded guilty in Texas state court to the crimes of attempted burglary of a building and credit card abuse. On March 30, 1990, the court sentenced Morrison to a five-year term of confinement in the Texas Department of Criminal Justice, Institutional Division. Morrison received credit for one day of incarceration that he had served prior to sentencing, which resulted in a release date of March 29, 1995.

Morrison was released on parole on November 14, 1990. In January 1995, the authorities received information that Morrison violated the conditions of his parole by committing the crimes of

1

disorderly conduct, making a terroristic threat, and forgery. A parole revocation warrant was issued on January 30, 1995. The warrant was executed when Morrison was arrested on February 10, 1995. Morrison waived his right to a revocation hearing and on March 31, 1995, his parole was formally revoked when the Board of Pardons and Paroles issued its "Proclamation of Revocation and Warrant of Arrest."

After exhausting his claims in state court, Morrison filed this habeas action in the district court and was denied relief. This court granted a certificate of probable cause to appeal and directed the state to respond to Morrison's argument that his parole was not revoked until two days after the expiration of his original sentence.

## II. Discussion

Section 15(a) of Article 42.18 of the Texas Code of Criminal Procedure provides that "[i]n order to complete the parole period, a parolee shall be required to serve out the whole term for which he was sentenced, subject to the deduction of the time he had served prior to his parole. The time on parole shall be calculated as calendar time." Morrison argues that his parole was complete pursuant to this provision on March 29, 1995. The Texas Board of Pardons and Paroles, however, did not formally revoke Morrison's parole until March 31, 1995. Therefore, Morrison contends that the Board was without jurisdiction to revoke his parole. Morrison claims that he is "in custody in violation of the Constitution or laws ... of the United States" because the Board revoked his parole

2

in an untimely manner.[1]  *See* 28 U.S.C. § 2254(a).

Morrison's petition for a writ of habeas corpus must be denied because his parole was revoked in a timely manner under Texas law and in a manner that is consistent with constitutional requirements.  Section 13(b) of Article 42.18 of the Texas Code of Criminal Procedure provides, in part:

> A prisoner for whose return a warrant has been issued shall, after the issuance of such warrant, be deemed a fugitive from justice and if it shall appear that he has violated the conditions or provisions of his mandatory supervision or parole, the time from the issuing of such warrant to the date of his arrest shall not be counted as any part of the time to be served under his sentence....

TEX.CODE CRIM.PROC.ANN. art. 42.18 § 13(b) (West 1997).  Pursuant to this provision, the time period between the issuance of Morrison's parole revocation warrant on January 30, 1995, and his arrest on February 10, 1995, did not count as part of his sentence. Therefore, Morrison's release date was pushed back eleven days from March 29, 1995, until April 9, 1995.  Because Morrison's parole revocation proceedings were completed on March 31, 1995, the Board

---

[1]Morrison also argues that he was unlawfully denied time credit for the time that he spent on parole.  This argument is without merit.  *See* TEX.CODE CRIM.PROC.ANN. art. 42.18 § 14(a) (West 1997) ("When a person's parole ... is revoked, that person may be required to serve the portion remaining of the sentence on which he was released, such portion remaining to be calculated without credit for the time from the date of his release to the date of revocation"); *Cortinas v. United States Parole Comm'n,* 938 F.2d 43, 46 (5th Cir.1991) (rejecting a challenge to a similar federal statute).  In addition, Morrison argued in the district court that requiring him to serve the entire portion remaining on his sentence after his parole is revoked violates the multiple punishments prong of the Double Jeopardy Clause.  This argument is also without merit. *Cf. Cortinas,* 938 F.2d at 46-47 (declining to extend double jeopardy protections to parole revocation proceedings); *United States v. Whitney,* 649 F.2d 296, 298 (5th Cir.Unit B 1981) (same).

acted in a timely manner in accordance with state law.

Moreover, no court has found constitutional infirmity in the practice of executing a parole revocation warrant and completing parole revocation proceedings after expiration of a parolee's maximum term, so long as the parole revocation warrant was issued before the term expired.[2]  Regulations implementing the jurisdictional provision of the federal parole statute, 18 U.S.C. § 4210, explicitly provide that "[t]he issuance of a warrant under this section operates to bar the expiration of the parolee's sentence.  Such warrant maintains the Commission's jurisdiction to retake the parolee either before or after the normal expiration date of the sentence and to reach a final decision as to revocation of parole and forfeiture of time...."  28 C.F.R. § 2.44 (1996).

---

[2]*See Ex Parte Canada,* 754 S.W.2d 660, 666 (Tex.Crim.App.1988) ("It appears that there is no federal constitutional right to time credit for any period of confinement pending a parole revocation hearing");  *Ivy v. Alabama,* 381 F.Supp. 503, 504 (S.D.Ala.1974) ("It is only when an unreasonable delay occurs between the date of respondent obtaining custody and control over parolee and the date of parole revocation decision that a claim may become cognizable on a federal Writ of Habeas Corpus").

Several courts have granted habeas corpus relief in favor of petitioners who have had their parole revoked in an untimely manner because the parole revocation warrants relied upon were not issued before the petitioners' sentences were complete.  *See Ex Parte Ethridge,* 899 S.W.2d 206, 207 (Tex.Crim.App.1995) (granting relief to a petitioner whose conviction expired before the Texas Board of Pardons and Paroles issued a notice of intent to revoke his parole); *Cronn v. Burkhart,* 830 F.Supp. 946, 959 (N.D.Tex.1993) (holding that the issuance of a second parole revocation warrant was too late because it was issued after the parole violator was free from parole supervision);  *Barrier v. Beaver,* 712 F.2d 231, 236 (6th Cir.1983) (concluding that the U.S. Parole Commission was without authority to utilize a second parole revocation warrant because it was not issued prior to the expiration of the petitioner's maximum term).

Not surprisingly, numerous courts facing similar challenges to the timeliness of federal parole revocation proceedings have concluded that "[w]hile a parole violators warrant must be issued within the maximum term of the sentence[,] ... it need not be executed during this period." *Cook v. United States Attorney General,* 488 F.2d 667 (5th Cir.), *cert. denied,* 419 U.S. 846, 95 S.Ct. 81, 42 L.Ed.2d 75 (1974).[3]  Because Morrison's parole revocation warrant was issued prior to expiration of his sentence, he cannot allege a cognizable constitutional violation.

The judgment of the district court is AFFIRMED.

---

[3]*See also Barrier,* 712 F.2d at 236-37 (interpreting the federal parole statute and regulations to "vest[ ] the Parole Commission with authority to rule upon timely issued violator warrants, even after expiration of the putative maximum term"); *Martin v. Luther,* 689 F.2d 109, 114 (7th Cir.1982) (interpreting the federal parole statute as a "temporal jurisdictional limitation" whereby the Parole Commission's supervisory authority over a parolee terminates upon expiration of the maximum term, although its jurisdiction over an alleged parole violation continues so long as the process commenced in a timely fashion).