United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 15, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-30233
Summary Calendar

SHANNON CHARLES FERGUSON,

Plaintiff-Appellant,

versus

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
BOARD OF PAROLE; RICHARD STALDER; LOUISIANA DEPARTMENT
OF CORRECTIONS, Records,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:05-CV-1073
--------------------

Before JONES, Chief Judge, and KING and DAVIS, Circuit Judges.

PER CURIAM:[*]

Shannon Charles Ferguson, Louisiana prisoner # 214807, appeals the district court's denial and dismissal with prejudice of his 42 U.S.C. § 1983 complaint, which it construed as a 28 U.S.C. § 2254 petition.   While Ferguson argues that the district court erred in construing his civil rights complaint as a habeas petition because he is not challenging his conviction or confinement, his claim that his 1996 seven-year sentence, no matter how served, was over in seven years is essentially an argument that he should

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

receive credit towards his 1996 conviction for his time spent on good time parole. The specific characterization of Ferguson's claim is not critical, however, because Ferguson has not demonstrated a constitutional violation. See Thomas v. Torres, 717 F.2d 248, 248-49 (5th Cir. 1983).

When a prisoner is released because of a reduction of his sentence, "he shall be released as if released on parole." LA. REV. STAT. 15:571.5(A)(1). If a person's parole is revoked for a violation of the terms of parole, the person shall be recommitted to the department of corrections "for the remainder of the original full term." Id. at 15:571.5(C); see Howard v. Louisiana Bd. of Probation and Parole, 589 So. 2d 534, 534-36 (La. App. 1991), writ denied, 590 So. 2d 87 (La. 1991); see also Bancroft v. Louisiana Dept. of Corrections, 635 So. 2d 738, 740 (La. App. 1994). There is no federal constitutional right to the reduction of a sentence of a parole violator for time spent on parole. See Morrison v. Johnson, 106 F.3d 127, 129 n.1 (5th Cir. 1997); Newby v. Johnson, 81 F.3d 567, 569 (5th Cir. 1996). Accordingly, Ferguson's challenge to his sentence computation is without merit.

Ferguson correctly argues that, because he never received a copy of the magistrate judge's report, the district court erred in finding that he filed no objections to the magistrate judge's report. The error was, for the reasons noted above, harmless. See McGill v. Goff, 17 F.3d 729, 731 (5th Cir. 1994), overruled on other grounds, Kansa Reins. Corp. v. Congressional Mortgage Co.,

2

20 F.3d 1362, 1373-74 (5th Cir. 1994).  As Ferguson has failed to show that the defendants violated his constitutional rights, the district court's judgment is AFFIRMED.