# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 11, 2022

Lyle W. Cayce
Clerk

No. 21-60211
Summary Calendar

Derrick L. Jones,

*Petitioner—Appellant*,

*versus*

Warden Christopher Rivers,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:18-cv-858

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Derrick L. Jones appeals the judgment of the district court dismissing his petition for writ of habeas corpus with prejudice. We affirm.

Jones is currently incarcerated in the custody of the Bureau of Prisons serving a 120-month term of imprisonment for possession of a firearm and

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60211

ammunition after having served a state sentence related to the same underlying incident. Without first proceeding through the Administrative Remedy Program, he filed a petition for writ of habeas corpus alleging that his federal sentence is being unlawfully executed because the Bureau of Prisons has not applied a *nunc pro tunc* designation to his prison term. The district court, acknowledging that an inmate must first exhaust his administrative remedies prior to seeking such relief from the court, nevertheless reached the merits of his complaint. It concluded that Jones could not show an error by the Bureau of Prisons for failing to apply a *nunc pro tunc* designation because the record as submitted by Jones demonstrated that the sentencing court intended his "federal sentence run <u>consecutive</u> to the state term."

On appeal, Jones does not challenge the district court's merits conclusion, but instead argues: (1) the district court erred by dismissing his petition with prejudice because he had failed to exhaust his administrative remedies; and (2) the district court denied him procedural due process because he was not given sufficient opportunity to oppose the magistrate judge's Report and Recommendations.[1] We address these arguments in turn.

First, while true that the ordinary course for a district court is to dismiss a case without prejudice when a habeas petitioner fails to first exhaust his administrative remedies, it is not required. *Woodford v. Ngo*, 548 U.S. 81, 101 (2006) ("[E]ven if dismissals under § 1997e(c)(2) typically occur when the opportunity to pursue administrative remedies has passed, § 1997e(c)(2)

---

[1] Jones also contends the district court inappropriately denied his motion for summary judgment, appointment of counsel, and motion for evidentiary hearing. Because he does not explain why or how the district court erred in denying these motions, we do not address the contentions further. *See Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008) ("Although pro se briefs are afforded liberal construction, even pro se litigants must brief arguments in order to preserve them." (citation omitted)).

No. 21-60211

still serves a useful function by making it clear that the PLRA exhaustion requirement is not jurisdictional, and thus allowing a district court to dismiss plainly meritless claims without first addressing what may be a much more complex question, namely, whether the prisoner did in fact properly exhaust available administrative remedies."). Thus, the district court was permitted to reach the merits.

Second, Jones has failed to show a denial of due process in his late receipt of the magistrate judge's Report and Recommendations. When a petitioner does not receive a copy of a magistrate judge's report, and thus fails to file objections, we ask whether the petitioner was prejudiced. *See Ferguson v. La. Dept. of Pub. Safety & Corr. Bd. of Parole*, 218 F. App'x 355, 356 (5th Cir. 2007) (citing *McGill v. Goff*, 17 F.3d 729, 731 (5th Cir. 1994), *overruled on other grounds*, *Kansa Reinsurance Corp. v. Cong. Mort. Co.*, 20 F.3d 1362, 1373–74 (5th Cir. 1994)). Here, upon discovery that Jones had not received the Report and Recommendations, he was mailed another copy, he received that copy and filed his objections, and the district court considered and rejected those objections. Therefore, Jones has not shown how he was prejudiced by the initial late delivery or initial order of the district court that found he did not raise objections.

For the foregoing reasons, the judgment is AFFIRMED.