Kenneth R. MATTHEWS, Plaintiff,

v.

Edwin MEESE, Norman Carlson, Benjamin F. Bauer, Victor Reyes, and other unnamed defendants, Defendants.

Civ. A. No. 86–1329.

United States District Court, District of Columbia.

ORDER: Sept. 25, 1986.

⟲106

Kenneth R. Matthews, pro. se.

Michael L. Martinez, Asst. U.S. Atty., Washington, D.C., for defendants.

## ORDER

JOYCE HENS GREEN, District Judge.

Plaintiff Kenneth R. Matthews brings this action under the federal question, mandamus, and habeas corpus statutes, 28 U.S.C. §§ 1331, 1361, and 2241, respectively, seeking a credit of approximately one year against his nine-year federal sentence. Defendants have moved to dismiss the case, or alternatively, to transfer it to the Eastern District of Arkansas, on the ground that this Court lacks jurisdiction. For the reasons set out below, the Court will grant defendants' motion for a transfer.[1]

Upon his conviction for violations of various federal laws, plaintiff was sentenced in 1975 to a prison term of fifteen years by the United States District Court for the Western District of Pennsylvania. Thereafter, he successfully petitioned for a reduction of his sentence to nine years, and, in 1982, for a further reduction to time served. He was released on March 26, 1982. The Third Circuit reversed the latter sentence reduction, *see United States v. Ferri*, 686 F.2d 147 (3d Cir.1982), and plaintiff filed a petition for *certiorari* with the United States Supreme Court. That petition was denied on February 22, 1983. *Matthews v. United States*, 459 U.S. 1211, 103 S.Ct. 1205, 75 L.Ed.2d 446 (1983). The Third Circuit then issued its mandate and, on March 10, 1983, the district court vacat-

---

1. Plaintiff has also filed a motion to strike the declaration of Rockne Chickinell, attached to defendants' motion to dismiss, because it was not a notarized statement made under oath. Local Rule 106(g), however, provides that a mo-

tion may "be supported by the unsworn declaration ... or statement, in writing ... which is subscribed as true under penalty of perjury, and dated...."

ed its decision and reinstated plaintiff's nine-year sentence. That same day, plaintiff was paroled to the Eastern District of Arkansas, where he currently resides.

The Parole Commission has set plaintiff's parole termination date as November 10, 1987. In setting this date, the Bureau of Prisons determined that plaintiff should not receive credit for the time between his release in March 1982 and the revocation of the release nearly one year later. Plaintiff contends otherwise, and seeks an order directing the Attorney General to recalculate his sentence and set his release date as of November 29, 1986.

■ Because plaintiff seeks a shorter sentence and a speedier release from custody from his nine-year federal sentence, his sole remedy is habeas corpus. *Preiser v. Rodriquez*, 411 U.S. 475, 487, 93 S.Ct. 1827, 1835, 36 L.Ed.2d 439 (1973). Consequently, in order for this Court to entertain plaintiff's suit, it must have jurisdiction over his custodian. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Strait v. Laird*, 406 U.S. 341, 92 S.Ct. 1693, 32 L.Ed.2d 141 (1968); *Guerra v. Meese*, 786 F.2d 414 (D.C.Cir.1986). This Circuit has defined such a custodian as "the person having a day-to-day control over the prisoner." *Guerra v. Meese*, 786 F.2d at 416. While that person typically will be the warden of the prison in which a habeas petitioner resides, *id.*, here, plaintiff has already been paroled from prison. Although it did not decide the question, the *Guerra* court suggested that in the case of paroled prisoners, the Parole Commission might be considered the proper custodian.[2] *Id.* at 417. This Court is of the view that, for purposes of the habeas statute, the custodian of a parolee is his or her parole officer, not the Commission itself. It is the parole officer who is charged with the day-to-day, direct supervision of the parolee, and to whom the parolee must periodically

report. The parole officer determines whether or not a parolee is in compliance with the terms of his or her parole, and it is upon that determination that the parolee's freedom from incarceration rests. *See Jones v. Cunningham*, 371 U.S. 236, 242–43, 83 S.Ct. 373, 376–77, 9 L.Ed.2d 285 (1963). While the United States Parole Commission ultimately has control over parolees, this Circuit rejected precisely this theory of custody in *Guerra*, where it stated that the Director of the Bureau of Prisons and the United States Attorney General are not the custodians of federal prisoners, despite their ultimate authority over prisoners. In this case, the Court believes the day-to-day control over plaintiff resides in his parole officer. That officer is located in the Eastern District of Arkansas, beyond the jurisdiction of this Court.

■ In his opposition, plaintiff argues that the only parties who can render the relief he seeks are the Attorney General or the Bureau of Prisons, and that jurisdiction over these defendants is unavailable in Arkansas. The Court does not agree. Section 3568 of Title 18, the statute granting the Attorney General the authority to grant credit, contains no limitation as to the proper venue for challenging credit calculations, and this Court is unaware of any such restriction. Indeed, in *Davis v. Attorney General*, 425 F.2d 238 (5th Cir.1970), the Fifth Circuit remanded a case to the district court so that it might conduct an evidentiary hearing on a prisoner's claim that he was entitled to relief under section 3568. *Id.* at 240. *See also Soyka v. Alldredge*, 481 F.2d 303, 306 (3d Cir.1973) (court dismissed section 3568 action for failure to exhaust administrative remedies, noting that while prisoner "instituted the ... proceeding in the court of proper jurisdiction, ... he did so prematurely"). If there is jurisdiction to bring an action under section 3568 in Georgia or Pennsylva-

---

**2.** In *Guerra*, the appellees attempted to sue the Parole Commission while still in prison. In rejecting that attempt, the Court of Appeals stated that "[w]hen the appellees are paroled, if ever, the Parole Commission *might then be con-*

*sidered* their custodian...." 786 F.2d at 417 (emphasis supplied). The Court did not have before it a suit brought by a parolee, and therefore did not purport to decide the question presented by the case at bar.

nia, there is certainly no reason to believe such a suit cannot be maintained in Arkansas.

Accordingly, because this Court finds that it lacks jurisdiction over the matter, that jurisdiction properly lies in the Eastern District of Arkansas, and that the interests of justice would best be served by a transfer of this action to that jurisdiction pursuant to 28 U.S.C. § 1406(a), it is, this 25th day of September, 1986.

ORDERED that this action be and it hereby is transferred forthwith to the United States District Court for the District of Arkansas.

SO ORDERED.