Larry S. OWENS, Petitioner,

v.

Michael GAINES, et al., Respondents.

No. Civ.A. 01–878(EGS).

United States District Court, District of Columbia.

Aug. 29, 2002.

Laura L. Rouse, Federal Public Defender, Washington, DC, for plaintiff.

Daniel Miller Cisin, U.S. Attorney's Office, Special Proceedings Section, Washington, DC, for defendants.

## MEMORANDUM OPINION

SULLIVAN, District Judge.

Petitioner Larry Owens filed this petition for writ of habeas corpus alleging that

the U.S. Parole Commission was without jurisdiction to revoke his parole based on a supplemental warrant issued after the expiration of his sentence. The United States opposes the petition, arguing that the Commission was within its regulatory and statutory authority to add new grounds for revocation after the expiration of the sentence because a valid warrant was issued before the sentence expired and the conduct upon which the new grounds for revocation was based occurred during the sentence.

Upon consideration of the petition for writ of habeas corpus, the responses and replies thereto, the oral argument of counsel, and the applicable statutory, regulatory, and case law, this Court **GRANTS** Mr. Owens' habeas petition.

## BACKGROUND

Mr. Owens is currently on parole under the supervision of the United States Parole Commission. His parole status was originally the result of three convictions for drug offenses in the District of Columbia Superior Court. His latest conviction occurred on September 28, 1994.

Mr. Owens was first released on parole on June 19, 1997 by the District of Columbia Board of Parole. At that time, that agency had jurisdiction over parolees whose incarceration was the result of convictions in the District of Columbia courts. At the time of his release, Mr. Owens had 39 months and 9 days remaining on his sentence, and his full-term expiration date was September 28, 2000.

On February 24, 2000 the D.C. Board of Parole issued a parole warrant for Mr. Owens, alleging violations of the conditions of parole resulting from the possession of drug paraphernalia and the commission of a paternity support violation. The warrant was lodged as a detainer while Mr. Owens was in pretrial custody on criminal charges in the District of Columbia Superior Court.

On July 11, 2000, Mr. Owens' file was transferred from the D.C. Board of Parole to the U.S. Parole Commission pursuant to the National Capital Revitalization and Self–Government Improvement Act of 1997. *See* Pub.L. 105–33, § 11231(a)(1), 111 Stat. 712, 745. The effective date of the Revitalization Act's final transfer of authority to the Commission was August 5, 2000.

On July 18, 2000 Mr. Owens pled guilty in D.C. Superior Court to a Bail Reform Act violation and was sentenced to time served. The parole warrant, which had been lodged as a detainer during the pretrial custody, was executed on this date. Mr. Owens, however, was released from custody despite the execution of this warrant.

In November of 2000, the U.S. Parole Commission discovered the error and requested that the U.S. Marshals arrest Mr. Owens pursuant to the February 24, 2000 warrant. Mr. Owens was arrested by the U.S. Marshals on November 30, 2000. On December 15, 2000, Mr. Owens was given a preliminary interview. On December 26, 2000 the interviewing officer made a preliminary recommendation to the Commission that probable cause should be found, but no probable cause finding was issued at that time.

On April 18, 2001, the Commission issued a "Supplement to Warrant Application Dated February 24, 2000" which added a new charge to the February 24, 2000 warrant based on Mr. Owens' July 18, 2000 Bail Reform Act conviction. On April 19, 2001, the Commission issued a probable cause finding letter to Mr. Owens based *only* on the Bail Reform Act charge. The letter expressly stated that the Commission made no findings with respect to the

charges contained in the original February 24, 2000 warrant. A final revocation hearing was scheduled for April 23, 2001. At that hearing Mr. Owens' attorney objected to the lack of notice given for the new charge in the Supplemental Warrant and requested a continuance. Mr. Owens' attorney also objected and argued that the Commission lacked jurisdiction because the full-term of Mr. Owens' sentence had expired by that time. The Commission granted the continuance.

A final revocation hearing was held on May 21, 2001. Once again Mr. Owens' attorney objected to the Commission's jurisdiction to revoke parole. The hearing examiner found that Mr. Owens had committed the Bail Reform Act offense, and recommended that parole be revoked and petitioner be paroled effective July 30, 2001, after service of 14 months. On June 1, 2001, the executive hearing examiner recommended that parole be revoked and that petitioner be paroled on September 28, 2001, after service of 16 months. On June 18, 2001, the Commission adopted the recommendation of the executive hearing examiner and revoked parole solely based on the Bail Reform Act violation. The period of incarceration imposed departed from the Parole Commission Guidelines. The Commission justified this departure because of petitioner's history of parole violations.

The U.S. Parole Commission and the D.C. Department of Corrections records differ as to when Mr. Owens was once again released on parole. The United States maintains that he was released again on September 28, 2001, while as of November 16, 2001 the D.C. Department of Corrections believed he was still incarcerated. Despite this confusion, counsel for both petitioner and the United States confirmed that at least as of the December 12, 2001 status hearing in this Court that Mr. Owens had been released on parole.

Mr. Owens originally filed his habeas petition objecting to both the delay in granting him a revocation hearing and to the Commission's jurisdiction to revoke parole on April 23, 2001. At the same time, petitioner filed a Notice of Related Case, designating his petition as related to three other habeas petitions pending before this Judge. On April 26, 2001, the government filed an objection to the Notice of Related Case. The government did not file a response to the habeas petition pending the resolution of the related case issue.

On November 13, 2001, this Court held a hearing to determine the status of this habeas petition and Mr. Owens' incarceration. The Court ordered petitioner to supplement his habeas petition to reflect his current parole status, and ordered the government to respond. Briefing was completed on December 10, 2001, and oral argument was held on May 9, 2002. At that hearing, counsel for Mr. Owens and the government informed the Court that Mr. Owens continues to be supervised on parole by the U.S. Parole Commission, and his new full-term sentence will expire in 2006.[1]

## DISCUSSION

Mr. Owens raises three claims in his habeas petition; two of which are now moot: first, that the Parole Commission lacked authority to revoke his parole on May 23, 2001 because the full term of his sentence had expired in February of 2001 and therefore his current parole supervision is unlawful; second, that the Commission failed to provide a timely hearing in violation of the Due Process Clause, and third, that his continued incarceration vio-

---

1. Neither counsel could provide this Court the exact expiration date.

lates the Eight Amendment. The United States argues in response: first, that Mr. Owens' petition should be dismissed for failure to exhaust his claims in Superior Court; second, that Mr. Owens' first claim should be denied because a proper warrant was issued during the term of his sentence thus tolling the sentence and giving the Commission jurisdiction to revoke parole; and third, that Mr. Owens' second and third claims are moot because he was eventually given a hearing and has been re-released on parole. Petitioner now concedes that his second and third claims are moot, and thus this Court will focus only on the first jurisdictional claim.

## I. *Exhaustion*

The United States argues that because Mr. Owens' parole arose out of a conviction from the D.C. Superior Court, this Court should require Mr. Owens to first bring his habeas petition in that Court. Mr. Owens strenuously argues that this contention by the United States is frivolous, in light of the fact that Mr. Owens is currently in custody of the U.S. Parole Commission.

The exhaustion principle is not mandated by statute, but was created by the Supreme Court out of the principle of comity between state and federal courts. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Thus, while federal courts have the jurisdiction to hear habeas petitions brought by *state prisoners*, the principle of comity requires exhaustion of those claims in state court first in order to "protect the state courts' role in the enforcement of federal law and prevent disruption of state and judicial proceedings." *Rose*, 455 U.S. at 518, 102 S.Ct. 1198. The Supreme Court has explained that the principle of comity "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent pow-

ers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." *Darr v. Burford*, 339 U.S. 200, 204, 70 S.Ct. 587, 94 L.Ed. 761 (1950).

█ The principle of comity does not apply to this case because Mr. Owens is not in the custody of a state correctional facility, but the U.S. Parole Commission. The proper court in which to challenge the supervision of the U.S. Parole Commission is this Court.

█ Furthermore, the United States' exhaustion argument ignores the fact that D.C. courts do not have "concurrent powers" with respect to challenges to U.S. Parole Commission activity. The D.C.Code actually precludes the filing of habeas petitions in Superior Court that challenge the actions of federal officials. D.C.Code § 16–1901, in relevant part, states:

(b) Petitions for writs directed to Federal officers and employees shall be filed in the United States District Court for the District of Columbia.

(c) Petitions for writs directed to any other person shall be filed in the Superior Court of the District of Columbia.

The only case law that the United States cites is dicta from D.C. Circuit cases that suggests that the exhaustion requirement may apply to prisoners in the custody of the D.C. jail system, not the U.S. Parole Commission. *See Maddox v. Elzie*, 238 F.3d 437, 440 (D.C.Cir.2001) (discussing but declining to decide whether general rule of state court exhaustion should be extended to prisoners in custody of D.C. in light of creation of state-court like system in D.C.). Thus, the United States' argument is wholly without merit.

Petitioner argues that the U.S. Attorney's Office for the District of Columbia is engaged in a pattern and practice of argu-

ing in this Court that parolees in custody of the U.S. Parole Commission need to exhaust D.C. Superior Court remedies, while arguing in D.C. Superior Court that habeas petitions must be removed to this Court. In support, petitioner cites only a brief filed by the U.S. Attorney's Office in Superior Court that discusses a writ of mandamus. While, if true, such allegations are a matter of serious concern, whether such a pattern or practice exists is not an issue properly before this Court in this case.

## II. *Current Parole is Unlawful Because the Commission Did not have Jurisdiction to Revoke on June 18, 2001.*

Mr. Owens is currently on parole as a result of the parole revocation that occurred on June 18, 2001. That revocation was based only on the Bail Reform Act conviction, for which the Supplemental Warrant was issued on April 18, 2001, rather than the charges that provided the basis for the February 24, 2001 warrant. The issue at the heart of this dispute is whether the Commission, having issued and executed a warrant just prior to the expiration of a parolee's sentence, and having failed to make a revocation determination with respect to that warrant prior to the expiration of that sentence, can then issue a supplemental warrant on unrelated grounds after the original sentence expiration date for something that occurred prior to the full term sentence date, and revoke parole only that basis.

The statute from which the U.S. Parole Commission's authority over parolees derives is 18 U.S.C. § 4210. Despite the effective repeal of that statute in 1984, Congress has consistently extended the time period that the chapter remains in effect. Most recently, Pub.L. 104–232, section 2(a), Oct. 2, 1996, 110 Stat. 3055, extended the period that the chapter defin-

ing the U.S. Parole's Commission's authority remains in effect to fifteen years after November 1, 1987. Thus, the "repealed" chapter remains in effect through November 1, 2002, and therefore was in effect at all times relevant to this action.

Thus, the U.S. Parole Commission's jurisdiction is defined as follows:

(a) A parolee shall remain in the legal custody and under the control of the Attorney General, until the expiration of the maximum term or terms for which such parolee was sentenced.

(b) Except as otherwise provided in this section, the jurisdiction of the Commission over the parolee shall terminate no later than the date of the expiration of the maximum term or terms for which he was sentenced, except that—

. . . . .

(c) In the case of any parolee found to have intentionally refused or failed to respond to any reasonable request, order, summons, or warrant of the Commission or any member or agent thereof, the jurisdiction of the Commission may be extended for the period during which the parolee so refused or failed to respond.

. . . . .

18 U.S.C. § 4210. With respect to the authority to issue warrants, the statute states:

(a) If any parolee is alleged to have violated his parole, the Commission may—

(1) summon such parolee to appear at a hearing conducted pursuant to section 4214; or

(2) issue a warrant and retake the parolee as provided in this section.

(b) Any summons or warrant issued under this section shall be issued by the

Commission as soon as practicable after discovery of the alleged violation, except when delay is deemed necessary. Imprisonment in an institution shall not be deemed grounds for delay of such issuance, except that, in the case of any parolee charged with a criminal offense, issuance of a summons or warrant may be suspended pending disposition of the charge.

18 U.S.C. § 4213 (emphasis added). The regulatory provisions that interpret these statutes that apply to defendants convicted in D.C. Courts are found at 28 C.F.R. § 2.98, and are identical to the regulations that apply to federal offenders, at 28 C.F.R. § 2.44. Those regulations state:

(a) If a parolee is alleged to have violated the conditions of his release, and satisfactory evidence thereof is presented, the Commission or a member thereof may:

(1) Issue a summons requiring the offender to appear for a probable cause hearing or local revocation hearing; or

(2) Issue a warrant for the apprehension and return of the offender to custody.

.    .    .    .    .

(c) Any summons or warrant under this section shall be issued as soon as practicable after the alleged violation is reported to the Commission, except when delay is deemed necessary. Issuance of a summons or warrant may be withheld until the frequency or seriousness of the violations, in the opinion of the Commission, requires such issuance. In the case of any parolee who is charged with a criminal offense and who is awaiting disposition of such charge, issuance of a summons or warrant may be:

(1) Temporarily withheld;

(2) Issued by the Commission and held in abeyance;

(3) Issued by the Commission and a detainer lodged with the custodial authority; or

(4) Issued for the retaking of the parolee.

.    .    .    .    .

(e) The issuance of a warrant under this section operates to bar the expiration of the parolee's sentence. Such warrant maintains the Commission's jurisdiction to retake the parolee either before or after the normal expiration date of the sentence and to reach a final decision as to the revocation of parole and the forfeiture of time pursuant to D.C.Code 24–206(a).

28 C.F.R. § 2.98.

The Commission lacked jurisdiction under these statutes and regulations to issue the Supplemental Warrant for two reasons: first, the April 19, 2001 Supplemental Warrant was issued after the expiration of petitioner's maximum sentence. Second, the delay in issuing the warrant from the Bail Reform conviction in July 18, 2000 to the warrant date of April 18, 2001 is unexplained and unreasonable.

■■■ Petitioner's sentence was originally scheduled to expire on September 28, 2000. It is uncontested by the parties that the warrant that issued on February 24, 2000, tolled the expiration of petitioner's sentence past that date. Petitioner argues that a parolee's sentence tolls with the issuance of the warrant, but the clock starts running again with the warrant's execution. Thus, petitioner calculates that because the warrant was executed on July 18, 2000, Mr. Owens' new full-term sentence expiration date became February 20, 2001. The government disagrees, arguing that pursuant to the regulations, the clock

is stopped when the warrant is issued, until the Parole Commission determines the revocation.

This Court is persuaded by petitioner's argument. The Commission does not have the statutory or regulatory authority to indefinitely toll the expiration of a parolee's sentence. The regulations grant the Commission the authority to toll the expiration of a sentence for the purpose of conducting revocation hearings on a valid warrant issued prior to the expiration of a sentence. 28 C.F.R. § 2.98.(e). This regulation gives the Commission the authority to revoke parole and impose a prison term to the extent that the Commission could have done so had the hearing and decision been rendered the date the warrant was executed. *Barrier v. Beaver,* 712 F.2d 231, 237 (6th Cir.1983). The language cited favorably by the government from 28 C.F.R. § 2.98(e), "[t]he issuance of a warrant under this section operates to bar the expiration of the parolee's sentence," must be read in the context of the sentence that follows. "Such warrant maintains the Commission's jurisdiction to retake the parolee either before or after the normal expiration date of the sentence..." *Id.* Once the Commission executes the warrant, and retakes the parolee, the sentence is no longer tolled.[2]

Furthermore, at oral argument, the government conceded that the sentence expired on February 20, 2001. The government's primary argument in opposition to petitioner's habeas claim is that even if the sentence expired on February 20, 2001, the Commission had the authority to supplement the original warrant on April 19, 2001. The government contends that the Commission's regulations, specifically, 28

C.F.R. § 2.98(c) and (e) provide the authority for the Commission's actions here. The government argues that when the Commission issues a warrant prior to the expiration of the parolee's sentence, it has the authority to supplement that warrant after the expiration of that sentence but prior to the revocation hearing, as long as the basis for the supplemental warrant is conduct that occurred prior to the sentence expiration.

This Court agrees with the holding of the Sixth Circuit in *Barrier v. Beaver,* 712 F.2d 231 (6th Cir.1983), that the Commission's statutory and regulatory authority to extend its supervision over a parolee past the expiration of a sentence is limited to the resolution of the charges raised in a warrant timely issued before the expiration of that sentence. In *Barrier,* the court was faced with facts very similar to the facts in this case. Just 43 days prior to the expiration of a parolee's sentence in 1976, the U.S. Parole Commission issued a warrant for parole violations. The issuance of that warrant tolled the expiration of the parolee's sentence. That warrant remained unexecuted for two and a half years. On July 28, 1979, the parolee shot his wife, and turned himself in to the authorities. The parolee was convicted of aggravated assault on September 19, 1979. On September 25, 1979, the parolee was returned to federal custody pursuant to a detainer lodged as a result of the original parole violation warrant, at which time that warrant was finally executed. Subsequently, in November of 1979, more than 43 days later, the Commission issued a "warrant purporting to supplement" the earlier warrant based on the new assault conviction. The parolee challenged the

---

**2.** The fact that petitioner was not re-arrested until November of 2001 is of no consequence. He remained under the supervision of the Commission throughout, and it was the Com-

mission's error that he was not held in custody when the warrant was executed on July 19, 2001. The sentence began running again when the warrant was executed.

Commission's authority to supplement the original warrant. The Sixth Circuit agreed that the Commission lacked the authority to revoke parole based on the supplemental warrant issued after the execution of the original warrant and expiration of the parolee's sentence, but remanded for a revocation hearing on the original grounds for revocation in the first, properly issued warrant.

After a review of the Commission's statutory and regulatory authority,[3] the Sixth Circuit concluded that the Commission's jurisdiction extends beyond the expiration of a sentence for the limited purpose of resolving the properly charged parole violations, and the government can not "equate[ ] the Parole Commission's authority to render a final decision upon the alleged parole violations, with its supervisory power over the parolee." *Id.* at 237. The Commission's supervisory power over a parolee is generally coterminous only with the term of the parolee's sentence, and "shall terminate no later than the date of the expiration of the maximum term or terms for which he was sentenced." 18 U.S.C. § 4210(b). The Commission's regulations allow the extension of jurisdiction beyond the expiration of the sentence for the sole purpose of revoking parole based on a valid warrant: "Such warrant maintains the Commission's jurisdiction to retake the parolee either before or after the normal expiration date of the sentence and to reach a final decision as to the revocation of parole and the forfeiture of time pursuant to D.C.Code 24–206(a)." 28 C.F.R. § 2.98(e).

▇ Furthermore, the legislative history of the statutes providing the Parole Commission's jurisdiction and authority do not support the government's position. As the Sixth Circuit explained, "Congress, in providing authority for the Parole Commission's post-expiration hearing on outstanding violator warrants, did not intend, however, to extend supervision of the parolee in the manner advocated by the respondent; rather, Congress merely sought to insure that parole revocation decisions were not accorded hasty treatment because of an impending term expiration." 712 F.2d at 238; *see* Joint Explanatory Statement of the Committee of Conference, H.Conf.Rep. No. 94–838, 94th Cong., 2d Sess. 20, reprinted in 1976 U.S.C.C.A.N. 335, 351, 353 ("the purpose is to assure the ... Parole Commission the tools required for the burgeoning caseload ... and to assure the public and imprisoned inmates that parole decisions are openly reached by a fair and reasonable process after due consideration has been given the salient information.").

Thus, the Sixth Circuit concluded that the Commission could not revoke parole based on a supplemental warrant issued after the expiration of the parolee's sentence, even when the conduct occurred prior to that expiration. That is exactly what the Commission has done here. Even if the February 20, 2000 warrant was issued prior to the scheduled sentence expiration date of September 28, 2000, Owens' parole was revoked only based on the warrant issued on April 18, 2001. The Parole Commission had no jurisdiction to revoke parole based on this untimely supplemental warrant.

Nor is the Court persuaded by the government's argument that the Commission's action was authorized because the conduct for which the supplemental warrant was issued occurred prior to the expiration of sentence. The Commission's authority to revoke parole is not contingent on the timing of the parolee's conduct that violates parole. Had there been no February

---

**3.** For all relevant purposes the substance of the provisions at issue is the same here.

24, 2000 warrant, the Commission could not have issued a warrant on April 19, 2001 for the Bail Reform Act conviction simply because the conduct occurred prior to the expiration of the sentence. The government conceded at oral argument that the Commission has no authority to revoke parole when it becomes aware of conduct that occurred during the sentence only after the sentence has expired. Thus the Commission's authority is contingent not on the timing of conduct, but on issuance of a valid warrant that tolls the expiration of the sentence for the purpose of conducting a revocation hearing.

Finally, the government has been able to identify for this Court no authority contrary to the *Barrier* case. This Court finds the Sixth Circuit's analysis sound and persuasive, and similarly holds that the Commission lacked the authority to revoke parole here.

■ Furthermore, in addition to the fact that the Commission lacked authority to revoke petitioner's parole based on the supplemental warrant because it was issued after the expiration of the sentence, the Supplemental Warrant was also invalid because of the unexplained delay in issuing it. The Parole Commission clearly knew of the proceedings against petitioner in Superior Court because they had lodged a detainer against him there pursuant to the February 24, 2000 warrant. Petitioner was convicted on July 18, 2000, but the Supplemental Warrant was not issued until April 19, 2001. The Commission's statutory authority to issue the warrant is limited to:

Any summons or warrant issued under this section shall be issued by the Commission *as soon as practicable after discovery of the alleged violation, except when delay is deemed necessary.* Imprisonment in an institution shall not be deemed grounds for delay of such issuance, except that, in the case of any parolee charged with a criminal offense, issuance of a summons or warrant may be suspended pending disposition of the charge.

18 U.S.C. § 4213 (emphasis added). Similarly, the Commission's regulations require that "[a]ny summons or warrant under this section shall be issued as soon as practicable after the alleged violation is reported to the Commission, except when delay is deemed necessary." 28 C.F.R. § 2.98(c). The Commission has given no explanation for the nine month delay in issuing the Supplemental Warrant for the Bail Reform Act conviction. This in no way comports with the Commission's requirement to issue warrants "as soon as practicable." *Id.* The Commission had no authority to issue the Supplemental Warrant after such an unreasonable and unexplained delay, and therefore was without authority to revoke parole based on such an untimely and invalid Supplemental Warrant.

■ Finally, at oral argument, the government attempted to argue for the first time that yet another regulatory provision provided the requisite authority to supplement the original warrant based on new grounds. The government cited 28 C.F.R. § 2.101(j) for the authority to supplement a warrant. That regulation states:

If the Commission is notified of an additional charge after probable cause has been found to proceed with a revocation hearing, the Commission may:

.  .  .  .  .

(2) Notify the parolee that the additional charge will be considered at the revocation hearing without conducting a supplemental probable cause hearing;

28 C.F.R. § 2.101(j). This provision, however, can not apply to this case. The Commission was not notified of an additional charge after probable cause was

found. The only probable cause found by the Commission was with respect to the Bail Reform Act on April 19, 2001. The Commission never found probable cause with respect to the original charges in the February 24, 2000 warrant. Therefore, § 2.101(j) does not apply.

Thus for two reasons, because the supplemental warrant was issued after the expiration of petitioner's full term sentence date, when the Commission's authority was limited to resolving the original warrant, and because the delay in issuing the Supplemental Warrant renders that warrant unlawful, the revocation of petitioner's parole here was outside the Commission's authority. Petitioner therefore should be released from his parole supervision.

## CONCLUSION

For the foregoing reasons, Mr. Owens' petition for habeas corpus is **GRANTED**. An appropriate Order accompanies this Memorandum Opinion.

## ORDER

For the reasons stated in the accompanying Memorandum Opinion issued today, it is hereby

**ORDERED** that the U.S. Parole Commission was without jurisdiction to revoke Mr. Owens' parole on June 18, 2001; it is therefore

**FURTHER ORDERED** that Mr. Owens' petition for habeas corpus is **GRANTED**; it is

**FURTHER ORDERED** that the Parole Commission shall release Mr. Owens from parole supervision forthwith.

**IT IS SO ORDERED.**