**James RAMSEY, Petitioner,**

v.

**Edward F. REILLY, Chairman, United States Parole Commission, Respondent.[1]**

**Civil Action No. 07–0433 (PLF).**

United States District Court,
District of Columbia.

May 4, 2009.

---

1. The Court has substituted as the defendant Edward F. Reilly, Jr., the current Chairman of the United States Parole Commission, for former Chairman Michael J. Gaines pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

William S. Bach, WS Bach, Esquire SP, Washington, DC, pro se.

Sherri Lee Berthrong, U.S. Attorney's Office, Washington, DC, for Respondent.

### MEMORANDUM OPINION

PAUL FRIEDMAN, District Judge.

James Ramsey brought this action for a writ of *coram nobis* or, in the alternative, for a writ of *habeas corpus* to challenge the issuance of a parole violator warrant and the subsequent extension of his full term sentence. Petitioner, who currently is on parole supervision in the District of Columbia, asserts that the issuance of the warrant and his subsequent treatment on parole violated his due process rights. After careful consideration of the parties' papers and the relevant case law, the Court will deny the petition and will dismiss the case.[2]

### I. BACKGROUND

The Court adopts respondent's statement of facts as uncontested by the petitioner. The facts are as follows:

The petitioner, James Ramsey, was sentenced on June 6, 1984, in the Superior Court of the District of Columbia, in case number F–6699–78, by the Honorable Judge Robert A. Shuker to a term of 5 to 15 years of imprisonment for the offense of assault with intent to commit rape. *See* Exhibits A–1 (Judgment and Commitment Order) and A–2 (D.C. Department of Corrections Face Sheet). The petitioner was serving a term of imprisonment in the Commonwealth of Virginia at the time of the petitioner's sentencing in F6699–78 and subsequently he was returned to the District of Columbia on April 7, 1988, to begin serving his term of 5 to 15 years. *See* Exhibit B (Virginia Certificate of Dis-

charge). The petitioner was paroled by the D.C. Board of Parole ("the Board") on August 27, 1992, with a full-term sentence date of April 11, 2003. *See* Exhibit C (Certificate of Parole).

On October 28, 1997, the petitioner's parole officer informed the Board that the petitioner had absconded from supervision and his whereabouts were unknown and requested that a parole violator warrant be issued. *See* Exhibit D (Memorandum). The Board issued a parole violator warrant on December 1, 1997. *See* Exhibit E (Warrant). At the time the parole violator warrant was issued, the Board was unaware that the petitioner had been convicted and sentenced on November 27, 1996, in the Circuit Court of Cook County, Illinois to a term of 15 years of incarceration for armed robbery and aggravated vehicle hijacking/weapon. *See* Exhibit F (Illinois Order of Sentence and Commitment). Subsequently, the parole violator warrant was lodged as a detainer. *See* Exhibit H (Letter dated 3/8/02).

On August 3, 2000, the petitioner's case was transferred to the U.S. Parole Commission ("the Commission") pursuant to the National Capital Revitalization and Self–Government Improvement Act of 1997, Pub. L. 105–33. *See* Exhibit G (Transmittal). On March 22, 2002, the Commission received a letter from the petitioner challenging the detainer. *See* Exhibit H. On December 2, 2002, the Commission's case analyst wrote to the petitioner's Illinois institution requesting information regarding the petitioner's conviction. *See* Exhibit I (Letter). On December 12, 2002, the Commission supplemented the parole violator warrant by adding an additional

---

**2.** The Court considered the following papers: Petitioner's Application for a Writ *Coram Nobis* and, or in the Alternative, a Writ of *Habeas Corpus* ("Pet."); and Federal Respondents' Opposition to Petitioner's Application ("Opp.").

law violation relating to the petitioner's Illinois state conviction. *See* Exhibit J (Supplement).

On December 13, 2002, a review of the detainer was conducted by the Commission. *See* Exhibit K (Memorandum). The Commission noted that the petitioner was paroled from a violent offense, had absconded from supervision, and had committed another violent offense while on parole. Id. The Commission determined that the detainer should stand. By letter dated December 16, 2002, the Commission advised the petitioner of its procedures for detainers and informed the petitioner that the parole violator warrant would not be executed until he completed serving his Illinois State sentence. *See* Exhibit L (Letter dated 12/16/02).

The petitioner's warrant was executed on February 21, 2003. *See* Exhibit M (Warrant Return). The Commission advised the petitioner, by letter dated March 6, 2003, that probable cause had been found to believe that he had violated the conditions of his parole and a parole revocation hearing would be conducted in his case. *See* Exhibit N (Letter dated 3/6/03).

The petitioner received a parole revocation hearing from the Commission on April 21, 2003. *See* Exhibit O (Revocation Hearing Summary). The petitioner was represented by an attorney at this hearing. *Id.* at p. 1. The petitioner admitted to the armed robbery and vehicle hijacking violations. *Id.* at p. 2. The hearing examiner calculated the petitioner's guidelines to be 36–48 months and noted that the petitioner had already served above his guideline range because he had been in both state and federal custody for 86 months. Accordingly, the hearing examiner recommended that the petitioner serve four additional months to allow time for re-

lease planning. *Id.* at p. 3. The Commission concurred with the recommendation and the petitioner was advised of the decision by a Notice of Action dated May 6, 2003. *See* Exhibit P (Notice of Action). The petitioner was re-paroled on August 26, 2003, to the District of Columbia, with a re-calculated full-term sentence date of October 2, 2013. *See* Exhibit Q (Certificate of Parole).

Opp. at 2–4 (footnotes omitted). On March 6, 2007, petitioner filed the instant action for a writ of *coram nobis* or, in the alternative, for a writ of *habeas corpus* to have the parole violator warrant lifted and to be released from parole.

## III. DISCUSSION

A petition for *coram nobis* is a means to "challenge the validity of a conviction after the sentence was fully served." *Mudd v. Caldera*, 26 F.Supp.2d 113, 123 (D.D.C.1998) (citing *United States v. Morgan*, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954)). An individual who is on parole is considered to be "in custody" for the purposes of *habeas corpus* relief; accordingly his sentence has not been fully served. *See Jones v. Cunningham*, 371 U.S. 236, 243, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963) ("petitioner's parole ... imposes conditions which significantly confine and restrain his freedom; this is enough to keep him in ... 'custody' ... within the meaning of the *habeas corpus* statute"); *Abu Ali v. Ashcroft*, 350 F.Supp.2d 28, 47–48 (D.D.C.2004); *Noble v. United States Parole Comm'n*, 887 F.Supp. 11, 12 (D.D.C.1995); *Matthews v. Meese*, 644 F.Supp. 380, 381 (D.D.C.1986). The Court therefore concludes that it is more appropriate to treat the petition as one for a writ of *habeas corpus*, rather than for a writ of *coram nobis*. *See United States v. Morgan*, 346 U.S. at 512, 74 S.Ct. 247 (petition for a writ of *coram nobis* is ap-

propriate where no other remedy is available); *see also United States v. Hansen*, 906 F.Supp. 688, 692 (D.D.C.1995)(*coram nobis* is "an equitable tool for federal courts to 'fill the interstices of the federal post-conviction remedial framework.'") (citing *United States v. Ayala*, 894 F.2d 425, 428 (D.C.Cir.1990)).[3]

An individual on parole in the District of Columbia is entitled to *habeas corpus* relief under 28 U.S.C. § 2241 if he or she establishes that his or her "custody is in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Moreover, since petitioner seeks relief from the actions of the United States Parole Commission, a federal entity, the case is properly in this Court. *See* D.C.Code § 16–1901(b) ("Petitions for writs directed to Federal officers and employees shall be filed in the United States District Court for the District of Columbia."); *see also Owens v. Gaines*, 219 F.Supp.2d 94, 98 (D.D.C.2002) ("The proper court in which to challenge the supervision of the U.S. Parole Commission is this court.").

■ Respondent urges the Court to treat petitioner's action as if it were filed under 28 U.S.C. § 2254, which provides for federal review of *habeas* petitions filed by persons in custody pursuant to the judgment of a state court. In particular, respondent urges the Court to impose the exhaustion requirement and deference to the state court decision required by Section 2254(d)-(e). Like Judges Walton and Sullivan, this Court rejects this request. As Judge Walton explained:

The Court finds it noteworthy that while the doctrine of comity and, therefore, the exhaustion of the state remedies requirement, naturally encompass those circumstances in which the petitioner's detention is a direct result of a state court conviction and sentence ..., the same cannot be said about the anomalous situation where the detention of a District of Columbia Code offender who was convicted in Superior Court resulted from the revocation of his parole by a federal agency. This is because the alleged due process violation is not the result of a state-level court's exercise of its judicial power, in which comity requires that such courts be given the first opportunity to correct the alleged violations, but arise from an exercise of a federal agency's discretion pursuant to a Congressional delegation of power, here the Revitalization Act.... Accordingly, the Court does not find the rationale behind the exhaustion of state remedies doctrine applicable to this situation.

*Gant v. Reilly*, 224 F.Supp.2d 26, 36 (D.D.C.2002); *see also Owens v. Gaines*, 219 F.Supp.2d at 98.

■ Turning to the substance of petitioner's claims, one of his arguments appears to be that the parole violator warrant issued by the District of Columbia Board of Parole on December 1, 1997, and supplemented by the United States Parole Commission on December 12, 2002, violated his due process rights because it was issued after the expiration of his full sentence. *See* Pet. at 2. Petitioner began serving the 5 to 15 year sentence imposed by the Superior Court on April 7, 1988. *See* Opp. at 2. On August 27, 1992, when

**3.** Petitioner challenges changes made to his parole status, not his original conviction or sentence. The availability of federal *habeas corpus* for challenges to convictions or sentences is limited for District of Columbia prisoners by Section 23–110 of the District of Columbia Code. An individual who challenges decisions made regarding his or her parole, but not the original conviction or sentence, is not similarly barred from federal *habeas* remedies. *Blair–Bey v. Quick*, 151 F.3d 1036, 1042–47 (D.C.Cir.1998).

he was paroled by the Parole Board, the full-term of his sentence ended on April 11, 2003. *See id.,* Ex. C. Thus, contrary to his assertion, both the original parole violator warrant and the supplement were issued before the expiration of the full term of petitioner's sentence. Accordingly, petitioner's argument on this point fails. *See Owens v. Gaines,* 219 F.Supp.2d at 103.

 The petitioner also argues that both the Parole Board and the Parole Commission unconstitutionally delayed in executing the warrant. *See* Pet. at 9–10. The parole violator warrant was issued while defendant was incarcerated in Illinois. If a parolee is convicted of another crime while on parole and then sentenced to prison, due process does not require that a parole violator warrant be executed or that a parole revocation hearing be conducted until after the expiration of the new sentence. *See Moody v. Daggett,* 429 U.S. 78, 89, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976). Indeed, the established practice is to lodge a detainer to be executed only after the expiration of the new sentence. *See* 28 C.F.R. § 2.100(a) ("When a parolee is in the custody of other law enforcement authorities, or is serving a new sentence of imprisonment imposed for a crime committed while on parole or for a violation of some other form of community supervision, a parole violation warrant may be lodged against him as a detainer."); *Lyons v. CCA/Correctional Treatment Facility,* Civil Action No. 06–2008, 2007 WL 2007501 at *2, 2007 U.S. Dist. LEXIS 49371 at *5 (D.D.C. July 10, 2007) ("It is not a violation of a parolee's due process rights to lodge a parole violator warrant as a detainer and execute the warrant only after the new sentence is completed."). Accordingly, neither the Parole Board nor the Parole Commission had an obligation to execute the parole violator warrant or the supplement, or to conduct a hearing, until the expiration of the Illinois sentence.

 To the extent that petitioner is arguing that he did not receive a timely hearing upon execution of the warrant, *see* Pet. at 10–11, his argument on this point fails as well. On December 16, 2002, the Parole Commission informed petitioner that because he was serving an Illinois state sentence "your revocation hearing will be conducted upon completion of the sentence you are presently serving." *See* Opp., Ex. L at 1. Petitioner completed his Illinois state sentence in February 2003, *see* Opp. at 12, and the warrant was executed on February 21, 2003. *See* Opp. at 3, Ex. M. Petitioner received a parole revocation hearing on April 21, 2003. *See* Opp. at 4, Ex. O. Thus, the revocation hearing occurred within ninety days of the Parole Commission retaking petitioner into custody. Accordingly, it was timely under 28 C.F.R. § 2.102(f). As explained in respondent's opposition, and uncontested by petitioner, the hearing afforded petitioner the basic due process requirements as set forth by the Supreme Court in *Morrissey v. Brewer,* 408 U.S. 471, 485–89, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

 Finally, petitioner asserts that the warrant and the revocation decision were based upon false information, but nowhere in his petition does he identify what the allegedly false information was or how it affected the decision by the Parole Commission to revoke his parole. Accordingly, the Court finds that petitioner has not shown that his continued custody by the Parole Commission has violated his due process rights. The petition will be denied. An Order accompanying this Memorandum Opinion shall issue this same day.

## *ORDER*

For the reasons stated in the accompanying Memorandum Opinion, it is hereby

ORDERED that the petition for a writ of *coram nobis* or, in the alternative, for *habeas corpus* [1] is DENIED; and it is

FURTHER ORDERED that all other pending motions are DENIED as moot; and it is

FURTHER ORDERED that this civil action is DISMISSED. This is a final appealable Order. *See* Fed. R.App. P. 4(a).

SO ORDERED.