ALICE M. BATCHELDER, Circuit Judge.
Appellant John Spirko, a convicted murderer, appeals the district court’s orders denying him relief from that court’s judgment dismissing his petition for a writ of habeas corpus. Spirko v. Anderson, No. S:95CV7209, 2000 WL 1278383 (N.D.Ohio July 11, 2000), aff'd sub nom. Spirko v. Mitchell, 368 F.3d 603 (6th Cir.2004), cert. denied sub nom. Spirko v. Bradshaw,—U.S.—, 125 S.Ct. 1699, 161 L.Ed.2d 525 (2005). Spirko’s basic contention is that, for various reasons, the judgment dismissing his habeas petition should be vacated due to fraud on the federal habeas court. The district court rejected Spirko’s claims of fraud in an Order denying his motion for relief from judgment, Spirko v. Bradshaw, 404 F.Supp.2d 984 (N.D.Ohio 2005), and in a subsequent Order denying his motion for vacatur of the prior Order. Spirko v. Bradshaw, 404 F.Supp.2d 993 (N.D.Ohio 2005). Because the district court thoroughly addressed Spirko’s arguments and persuasively demonstrated that there was no fraud on the federal habeas court, we will affirm that court’s judgment on the basis of its two well-reasoned opinions.
But for purposes of clarity and completeness, we will add a few comments regarding certain of Spirko’s contentions. First, as a general matter, we note that many of Spirko’s arguments are more accurately characterized as attacks on his conviction or sentence, or on the resolution of his habeas claims on the merits, rather than genuine claims of fraud on the federal habeas court. Although attacks on Spirko’s conviction or sentence, or the resolution of his habeas claims on the merits, would constitute a second or successive habeas petition that is generally barred from federal court adjudication, see Gonzalez v. Crosby,—U.S.—, 125 S.Ct. 2641, 2646-48, 162 L.Ed.2d 480 (2005); Post v. Bradshaw, 422 F.3d 419, 424-25 (6th Cir.2005), we conclude that the district court was correct in addressing Spirko’s fraud claims on their merits.
We also note that Spirko argues on appeal, inter alia, that the district court improperly applied the provisions of the Anti-terrorism and Effective Death Penalty Act (“AEDPA”), Pub. L. No. 104-132, 110 Stat. 1214 (1996), to his case even though his federal habeas petition was filed before that law’s enactment, and that the district court erroneously held that a state prosecuting attorney was not an officer of the federal habeas court for purposes of a fraud-on-the-court claim. It is not necessary for us to resolve these issues because their resolution would not affect our determination of the claims on appeal. AED-PA’s application to this case has no effect upon the district court’s persuasive analysis demonstrating that, at bottom, no fraud was committed on the federal habeas court warranting the re-opening of Spirko’s habeas action. And the district court also correctly explained that, even if the Van Wert County prosecuting attorney (first, Stephen Keister, and then his successor, Charles Kennedy) were an officer of the federal habeas court, and even assuming that he made the misrepresentation or concealment of information in this case that Spirko claims, it does not constitute fraud, and that in any event the information at issue did not bear upon the outcome of the federal habeas proceedings.
*494 Furthermore, Spirko’s argument that the district court reversibly erred by not treating his claim as “an independent action for relief from judgment on the basis of fraudulent misconduct” is unavailing. The district court recognized its authority to treat Spirko’s Fed.R.Civ.P. 60(b) motion as one for such equitable relief “in cases of unusual and exceptional circumstances,” and although it did not mechanistically apply the relevant test, the district court’s convincing explanation that it was not defrauded at all-much less in a way that would have altered its adjudication of Spirko’s habeas petition-demonstrates that it could not have abused its discretion by denying equitable relief on the basis of fraud, a claim whose standard is in most respects more difficult to meet than that under Rule 60(b)(3). See Barrett v. Sec’y of Health & Human Servs., 840 F.2d 1259, 1263 (6th Cir.1987).
In short, the district court’s two orders denying Spirko relief from judgment clearly demonstrated that no fraud occurred in the procurement of the habeas court’s judgment, much less fraud that would have affected that court’s adjudication so as to justify its exercising its discretion to reopen Spirko’s habeas case. Finding no abuse of discretion, we therefore AFFIRM on the basis of its two orders the district court’s judgment denying Spirko’s motion for relief from judgment. See Spirko v. Bradshaw, 404 F.Supp.2d 984 (N.D.Ohio 2005); Spirko v. Bradshaw, 404 F.Supp.2d 993 (N.D.Ohio 2005).