**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0776n.06
Filed: November 5, 2007

**No. 06-2110**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| CHARLES CREHORE, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| UNITED STATES OF AMERICA, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Respondent-Appellee. | ) | |

Before: MARTIN, GIBBONS, and SUTTON, Circuit Judges.

SUTTON, Circuit Judge. Charles Crehore challenges the district court's denial of his motion to vacate a judgment allegedly obtained through fraud upon the court. Because the district court acted well within its discretion in denying the motion, we affirm.

I.

In 1995, a jury convicted Charles Crehore of one count of conspiracy to possess with intent to distribute marijuana. *See* 21 U.S.C. §§ 841, 846. The district court sentenced Crehore to the mandatory statutory minimum, 240 months, *see* 21 U.S.C. § 841(b)(1)(A), after finding Crehore responsible for more than 1,000 kilograms of marijuana. In calculating the kilograms attributable to Crehore, the court included a large shipment that had been scheduled to be delivered after Crehore's arrest but that had been destroyed in a fire before the delivery.

On direct appeal, our court affirmed Crehore's conviction and sentence. *See United States v. Gaitan-Acevedo*, 148 F.3d 577, 594, 596 (6th Cir. 1998). In affirming the district court's attribution of the large post-arrest shipment to Crehore, the court relied upon post-arrest communications between Crehore and one of his co-conspirators that the government in its appellate brief alleged had taken place but in fact never occurred. *See Crehore v. United States*, 127 F. App'x 792, 794–95 (6th Cir. Apr. 4, 2005). The government arguably tried to avoid this error when it sent a letter to the court after oral argument offering other factual bases for upholding the district court's finding. *See id.* "Nevertheless, we affirmed Crehore's sentence based on allegations in the government's brief, but not substantiated in the . . . letter . . . ." *Id.* at 798–99. Crehore sought rehearing—claiming that the panel erroneously relied upon the "false" post-arrest allegations in the government's brief in reaching its conclusion—but our court denied relief. *Id.* at 799 (internal quotation marks omitted).

After the Supreme Court denied his petition for a writ of certiorari, *see Crehore v. United States*, 525 U.S. 912 (1998), Crehore filed a § 2255 motion, alleging that his "counsel was ineffective at sentencing and on appeal for not adequately challenging the quantity of marijuana attributable to him," D. Ct. Op. at 1. The district court denied the motion, concluding that Crehore's "counsel vigorously challenged the quantity of marijuana attributable to [him] at every stage in the case, consistently maintaining that [he] was responsible for less than 1000 kilograms." *Id.* at 20 (footnote omitted). In reaching that conclusion, the district court acknowledged the error in the government's brief on direct review and it noted that "the government did not rely [on that

information] in arguing to the Court . . . that [Crehore] is not entitled to relief under § 2255," *id.* at 19.

Our court affirmed, reasoning that counsel's "performance reveals no flaws of constitutional import." *See Crehore*, 127 F. App'x at 799. "[T]roubled that the government's erroneous characterization of Crehore's post-arrest contact with [one of his co-conspirators] was not explained to the panel that decided his direct appeal," the court noted that, if the government had perpetrated a fraud upon the direct-appeal panel, "a conceivable remedy would be to petition the original panel to recall the mandate in the direct appeal." *Id*. at 799 n.4. "In any event," the court explained, "we cannot conclude that a complete miscarriage of justice has occurred in this matter as a result of our unfortunate reliance upon the government's [erroneous allegations]," because the "evidence [discussed in the government's post-oral-argument letter] could support the trial court's conclusion that Crehore should also be held accountable for the drugs involved in the [post-arrest] load." *Id.*

Taking this suggestion to heart, Crehore filed a motion with the panel that heard his direct appeal, asking it to recall the original mandate or to reinstate the appeal. The panel denied the motion, *see United States v. Crehore*, No. 95-1764 (6th Cir. Nov. 23, 2005), and subsequently denied Crehore's motion for reconsideration, *see United States v. Crehore*, No. 95-1764 (6th Cir. Jan. 6, 2006).

Crehore filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure, asking the district court to vacate its order denying § 2255 relief "on the grounds that the government's error

regarding the evidence linking [him] to the [post-arrest] load constitute[d] a fraud upon the Court, and absent that error, [he] would have been entitled to relief under § 2255." *Crehore v. United States*, No. 99-CV-74332, 2006 WL 2255357, at *4 (E.D. Mich. Aug. 7, 2006). The district court denied the motion, reasoning that it "was well aware of the erroneous statement in the government's brief on appeal at the time it denied [Crehore's] § 2255 motion" and that, "most significantly, the original panel recently declined to recall the mandate or reinstate the direct appeal based on the same argument [Crehore] makes here. In doing so, the original panel found no fraud warranting relief based on the government's statement." *Id.*

## II.

To the extent Crehore's claim arises under Rule 60(b)(3), he was required to show by clear and convincing evidence that the district court's judgment was obtained by fraud or misconduct. *See Jordan v. Paccar, Inc.*, No. 95-3478, 1996 WL 528950, at *9 (6th Cir. Sept. 17, 1996) (per curiam). To the extent Crehore means to raise an independent action for fraud upon the court, he was required to prove five elements: (1) conduct by an officer of the court (2) that is directed towards the judicial machinery itself, (3) that is intentionally false, wilfully blind to the truth or is in reckless disregard for the truth, (4) that is a positive averment or concealment when one is under a duty to disclose and (5) that deceives the court. *Workman v. Bell*, 484 F.3d 837, 840 n.1 (6th Cir. 2007). We review a district court's denial of either type of motion for abuse of discretion. *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000); *Barrett v. Sec'y of Health & Human Servs.*, 840 F.2d 1259, 1263 (6th Cir. 1987) (per curiam).

Whether we analyze Crehore's claim under the Rule 60(b)(3) or the fraud-upon-the-court standard—which "in most respects [is] more difficult to meet than that under Rule 60(b)(3)," *see Spirko v. Bradshaw*, 161 F. App'x 492, 494 (6th Cir. Dec. 22, 2005)—the claim fails because Crehore did not present any evidence that the government defrauded, or attempted to defraud, the district court that denied his § 2255 motion. The opinion of the district court, indeed, directly refutes the necessary premise of his claim: "[T]he government did not rely on [the false statements] in arguing to the Court that the [post-arrest] load was properly attributed to [Crehore] and that [Crehore] is not entitled to relief under § 2255. The government instead points to the same four pieces of evidence [discussed in its post-oral-argument letter to the direct-appeal panel]." D. Ct. Op. at 19. The § 2255 court, it concludes, "was well aware of the erroneous statement in the government's brief on appeal at the time it denied [Crehore's] § 2255 motion." *Crehore*, 2006 WL 2255357, at *4. Our court said nearly as much when it affirmed the district court's denial of Crehore's § 2255 motion and suggested that Crehore's only "conceivable remedy would be to petition the original panel to recall the mandate in the direct appeal." *Crehore*, 127 F. App'x at 799 n.4. Crehore did that, and the original panel denied his petition.

Crehore resists this conclusion on the ground that the government attached the brief it filed in the direct appeal together with the panel opinion from the direct appeal to its § 2255 pleadings—thereby defrauding *that* court. But we cannot fault the government for providing information in that proceeding that was relevant to Crehore's ineffective-assistance claim. Nor, given the relevance of this material to the § 2255 proceeding, can Crehore offer any tenable reason

for concluding that the government's inclusion of this material in that record rose to the level of "a deliberately planned and carefully executed scheme designed to subvert the integrity of the judicial process," *Buell v. Anderson*, 48 F. App'x 491, 499 (6th Cir. Sept. 24, 2002) (internal quotation marks omitted), particularly when, in the words of the court that denied Crehore's § 2255 motion, "the government did not rely" on the erroneous statements in responding to Crehore's § 2255 claims, D. Ct. Op. at 19.

The final straw in all of this is the reasoning of the panel that heard Crehore's direct appeal and that was asked to recall the mandate based on the government's misstatement. When it concluded that the government's misstatement in its appellate brief did not warrant relief, *see Crehore*, No. 95-1764 (6th Cir. Nov. 23, 2005) ("[W]e cannot conclude that the court was deceived by the government's misstatements or the judicial process has been subverted."), it removed any conceivable basis for us to conclude that the same misstatement—when attached to § 2255 pleadings and upon which the § 2255 court *did not rely*—somehow warrants relief. *See Spirko*, 161 F. App'x at 493 (rejecting a habeas petitioner's fraud claim under Rule 60(b)(3) because, even assuming that the prosecutor misrepresented information, "the information at issue did not bear upon the outcome of the federal habeas proceedings"); *Jordan*, 1996 WL 528950, at *9 (holding that denying a Rule 60(b)(3) motion is proper where there is "clear and convincing evidence that the misbehavior . . . had no prejudicial effect on the outcome of the litigation") (emphasis omitted).

III.

For these reasons, we affirm.