NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0115n.06

No. 14-1232

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ROCHELLE DANIEL, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| DTE ENERGY COMPANY, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

Before: BATCHELDER and KETHLEDGE, Circuit Judges; COLLIER, District Judge.[*]

CURTIS L. COLLIER, District Judge. Plaintiff-Appellant Rochelle Daniel ("Daniel") appeals an order denying her Rule 60(b) motion to vacate the district court's judgment in favor of Defendant-Appellee DTE Energy Company ("DTE").

This controversy began with a $40.67 balance on Daniel's power bill from Michigan Consolidated Gas Company that arose sometime between 1994 and 1996. Michigan Consolidated Gas Company (often referred to as "MichCon") is now DTE Gas Company, which is a wholly owned subsidiary of DTE. There have been three lawsuits filed by Daniel relating to this debt. First, Daniel sued DTE and Asset Acceptance, LLC ("Asset"), the debt collector to which DTE had sold Daniel's debt, for Fair Credit Reporting Act ("FCRA") violations, fraud, and defamation in November 2006 in Michigan's Oakland County Circuit Court. The case was

---

[*] The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

removed to federal court, which granted summary judgment for defendants. In March 2008, Daniels again sued DTE in state court over the same $40.67 debt, this time alleging fraud, defamation, negligence, and intentional infliction of emotional distress. During the pendency of this second suit and Michigan Public Service Commission ("MPSC") investigation, DTE bought back the debt in question from Asset and cancelled it.

In July 2011 Daniel launched the instant suit against DTE in federal court, the third relating to the alleged debt. Her amended complaint alleges DTE (1) committed two violations of the FCRA by obtaining a copy of her Experian credit report without a legitimate purpose on July 28, 2008, and (2) violated her state law right to privacy by obtaining past credit reports from her during discovery in the Wayne County case. DTE moved for summary judgment, and the magistrate judge issued a report and recommendation ("R&R") recommending the district court hold that (1) Daniel's FCRA claims fail because DTE had a permissible purpose to request her credit report in response to Daniel's law suit and the MPSC complaint and to buy back the debt from Asset, and (2) the invasion of privacy claim fails because the use of a valid discovery request to obtain the reports was not objectionable to a reasonable man (Court File No. 53). The magistrate judge also recommended the district court designate Daniel as a "vexatious filer" with regard to the underlying claims. In response to Daniel's objection to the R&R, the district court entered orders adopting the R&R, dismissing Daniel's claims, declaring Daniel a vexatious filer, and ordering that she be "prohibited from filing any suit against DTE raising claims related to the debt and credit reports which have been the subject of her litigation against DTE, without first obtaining leave of court to do so." Daniel then filed a motion for reconsideration which was denied as both untimely and without merit. She then filed six more motions. The basis of this

appeal is her Third Amended Motion to Vacate Judgment based on Rules 60(b)(1), (3), and (6). We will address each of her allegations in turn.

Under Rule 60(b)(1), a court may relieve a party from a final judgment because of mistake, inadvertence, surprise, or excusable neglect. Daniels alleges that the district court made a mistake of law in ruling for DTE on summary judgment. While Rule 60(b)(1) encompasses judicial mistakes of law, such a motion must be made "within the normal time for taking an appeal." *Barrier v. Beaver*, 712 F.2d 231, 234 (6th Cir. 1983). It is undisputed that Daniel's Rule 60(b) motion was not taken within the normal time for appeal. We thus will not undertake to review the merits of the motion for summary judgment.

To show she is entitled to relief under Rule 60(b)(3), Daniel must demonstrate "by clear and convincing evidence that the district court's judgment was obtained by fraud or misconduct." *Crehore v. United States*, 253 F. App'x 547, 549 (6th Cir. 2007). Daniel argues that DTE committed fraud in six instances. All of her allegations but the second fail to explain how the alleged fraudulent statement was false and thus fall far short of clear and convincing evidence of fraud. Her second allegation of fraud is slightly different in that it argues that DTE's omission of a document from DTE's summary judgment motion violated a duty to disclose. She does not, however, explain how this omission violated any duty. The district court did not err in denying Daniel's Rule 60(b)(3) allegations.

Finally, Daniels asked the district court to grant relief under the catch-all provision of Rule 60(b)(6). This catch-all provision "applies only in exceptional and extraordinary circumstances which are not addressed by the first five subsections of Rule 60(b)." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 387 (6th Cir. 2001). Other than the fact that she proceeded pro se below—which is not an exceptional or extraordinary circumstance—Daniel does not offer any

grounds for relief under Rule 60(b)(6).  The district court properly denied Daniel's Rule 60(b)(6) motion.

Finding that Daniels has presented no meritorious grounds for vacating the judgment, we AFFIRM the district court's denial of her motion.